## EDWARD WINDISCH v. N. GUSSETT.

An injunction obtained for want of legal service was properly dissolved. The proper remedy would have been by writ of error. Where there is an ordinary remedy for error, an extraordinary one will not obtain.

So, if there was error in rendering a judgment for gold and silver coin, an injunction was not the proper remedy.

If a judgment be for dollars, the addition to be paid in gold or silver coin is surplusage, since it may be discharged in United States currency.

Where the record does not show whether the contract was dated before or after the enactment of the stay law of 1866, the court will presume that the judgment was upon a law of anterior date.

APPEAL from Nueces. The case was tried before Hon. BENJAMIN F. NEAL, one of the district judges.

The petition for injunction stated that the judgment was rendered against the applicant at the fall term, 1866, for $473 73, in gold and silver currency; that the service was had, the writ not being stamped; the judgment was wrong, being in coin; and that execution had been sued out.

The defendant answered, and moved to dissolve in vacation, under the act of 16th December, 1863, (Paschal's Dig., Art. 3934,) and the injunction was dissolved, (in term,) upon which the petitioner appealed.

*Lovenskiold & Docherty*, for appellant. — I. The court erred in entertaining the motion to dissolve the injunction. The motion to dissolve was made under the 2d section, chap. XLI, of the acts of the 10th legislature of Texas, [Paschal's Dig., Art. 3934,] which authorizes the district court, after ten days' notice is given, in vacation, to hear

and determine such motions.    As the district court was in
session at the time this motion was made, the above section
does not apply to the case.

II.  The court also erred in dissolving the injunction in
this cause, because by the statute execution was stayed for
twelve months upon all judgments rendered prior to the
first day of January, A. D. 1867, for the purpose of allow-
ing the judgment debtor time to pay one-fourth part of the
judgment.    The judgment in this case was rendered prior
to that day.    The execution issued before twelve months
had expired, and, having been issued contrary to law, the
injunction should have been made perpetual.    (Stats. of
1866, p. 26, chap. CXXV, § 1.)

The convention of 1866, by ordinance No. 11, validated
the act of the Governor, and the ordinance No. 28 empow-
ered the succeeding legislature to grant relief to debtors.
The legislature accordingly passed this act, staying execu-
tions on judgments obtained prior to the first day of
January, A. D. 1867.    The act does not impair the obli-
gation of contracts; it only affects the remedy.    It is no
objection to a law that it gives a new remedy or that it
changes the old one.    (3 Story on Const., 251; 1 Kent, 445.)

III.  The court erred in rendering judgment for specie,
(gold,) or its value in the currency of the United States.  This
judgment, in the first place, is uncertain and indefinite,
being in the alternative and the value of gold fluctuating.
The judgment of a court, unless for a fixed sum, is a
nullity.    If not, who is to determine what gold is worth
in currency ?    Is it left to the sheriff, who is to make the
money upon the execution, to say what is the value of the
judgment?    At what time is this value to be ascertained ?
A judgment so uncertain cannot be enforced, and hence
the injunction in this case should have been sustained and
made perpetual.

Again :  The judgment enjoined was erroneous, in this,
that it was rendered for specie, or its value in United States

currency. Specie is not recognized as a currency in the United States. The only currency known to the law is legal-tender notes of the United States, and the judgment should have been rendered for the amount in that currency. (Acts of Cong., 12 Stats. at Large, 532, 710, 822.)

But it will be contended that the appellant, who was defendant in the case enjoined, should have prosecuted an appeal or writ of error in that case, and that the suing out of an injunction was not the proper remedy. To this we answer, that the judgment, as above shown, was a nullity, and could be treated as such whenever sought to be enforced; that the execution issued thereon was issued contrary to positive law, and was properly enjoined; and, further, that the appellant was not properly before the court when the original judgment was obtained, no proper service having been had upon him, as there was no internal-revenue stamp placed upon the copy of the citation and of that of the petition served upon him, as required by law; all of which was properly declared upon in the petition for injunction in this cause.

*John S. Givens,* for appellee.

MORRILL, C. J.—On 2d April, 1867, plaintiff applied for, and obtained from the judge of the district court, an injunction to restrain the sheriff of Nueces county from executing a *fieri facias* issued by virtue of a judgment rendered at the fall term, 1866, of the district court of said county, against him, and in favor of Gussett, for $471 73, in gold or silver, or its equivalent in United States currency.

The causes for injunction were:

1. That there was no legal service.

2. That the judgment should have been for legal-tender notes of the United States.

3. That by virtue of the acts of 1866, an execution could not legally issue.

At the subsequent term of the court, on motion of the defendant, Gussett, the judge dissolved the injunction, and the plaintiff has appealed from the judgment to this court.

With regard to the first cause assigned for an injunction, that there was no legal service, it is supposed that the court adjudicated upon that fact before the judgment was rendered; and should the court have erred, the statute provides a method of having the errors of the district court revised. Where there is a statutory and ordinary remedy for the correction of a real or fancied error, an extraordinary remedy will not obtain.

The second cause, that the judgment calls for a certain amount of dollars in gold or silver, or its value in legal tenders, can be disposed of in the same way and manner, if it should appear that a revision is necessary. If the judgment should call for a specific article, whether the article were a given number of ounces of gold or silver of a certain fineness, or its value in the currency of the United States, it would present an entirely different case from the one under consideration. As the judgment specifies the number of dollars and cents adjudged to be recovered, what follows may be considered surplusage, because the same number of dollars and cents of the currency of the United States would be full payment.

The third cause assigned for injunction is the only one mentioned for which this extraordinary writ could be obtained. This brings the constitutionality of what is known as the stay-law before the court for adjudication.

It is not stated when the liability of plaintiff, upon which the enjoined judgment was based, accrued, and we must presume in favor of the correctness of the judgment of the district court, and that the violated contract was made before the stay-law was enacted, and at a time when the laws in force required an execution to issue immediately after adjournment of the court upon all its judgments.

Assuming such to be the facts in the case, for the reasons

given in the case of Jones v. McMahan, [*ante*, 719,] decided at this term of the court, the judgment of the court dissolving the injunction was not erroneous, and it is therefore

AFFIRMED.