RICE S. FLOURNOY ET AL v. E. F. HEALY.

Where a note was payable "in specie," or for a larger amount in "United
States currency," and the judgment was rendered for the smaller amount
"in specie," it was error, and the judgment was ordered to be reformed.

This court has decided the legal-tender-act to be constitutional, and hence any
judgment having a tendency to impair, impeach, or set aside the validity of
this act would be, *pro tanto*, erroneous. (Shaw v. Trunsler, 30 Tex., 391.)

The words "specie" in the judgment might be regarded as surplusage; yet as
the word is calculated to mislead, the judgment ought to be reformed. The
case of Windisch v. Gussett, 30 Tex., 744, is reconcilable with this principle.

ERROR from Jackson.  The case was tried before Hon.
J. J. HOLT, one of the district judges.

The note was dated 12th December, 1865, was due at
ninety days, for "590 in specie" "or 894 in United States
currency." The verdict was for $590 in specie, with interest,
and the judgment followed the verdict.  There was a sort
of plea of duress; but there was neither charge, bill of ex-
ceptions, nor statement of facts in the record.  The only
error relied on was the "specie" or coin decree.  The
case has the interesting feature, that after execution was
levied, one "Tim H. Leeds, quartermaster United States
army," assumed the responsibility of suspending the exe-
cution.  For doing this he said, "All orders of the Bureau
of Refugees, Freedmen, and Abandoned Lands having been
been turned over to me, I assume the responsibility of sus-
pending the execution," &c.

*George P. Finlay*, for plaintiff in error.—I. United States
legal tender notes are by law a legal tender for all debts,
and the court had as much authority below to give a judg-
ment for corn, cotton, copper, or any other product of the
country as specie.

II. It may be said that the word specie is surplusage,
and may be disregarded; but we refer the court to the exe-
cution in the transcript, which was superseded by this writ

of error, which commanded the sheriff to make the amount of the judgment in specie.

*Glass & Callender*, for defendant in error.—That such words, added to the number of dollars, may be considered surplusage and of no effect, has already been decided by this court in the case of Windisch v. Gussett, determined at the last term at this place.

In that case the judgment was for "$471 73, in gold or silver, or its equivalent in United States currency." And this court said: "As the judgment specifies the number of dollars and cents adjudged to be recovered, what follows may be considered surplusage, because the same number of dollars and cents of the currency of the United States would be full payment."

MORRILL, C. J.—The only error assigned in this case is, that the district court er     rendering a judgment for a certain number of dollars in specie, in violation of the legal-tender act of the United States.

This court, at the Austin branch, in 1867, [Shaw v. Trunsler, 30 Tex., 391,] decided the legal tender act constitutional, and hence any judgment having a tendency to impair, impeach, or set aside the validity of this act would be, *pro tanto*, erroneous. Though the defendant in the execution could satisfy it, and would be fully released on the payment of the number of dollars called for therein in the legal tender of the United States, and the sheriff was under no obligations to collect any other kind of money, and the word specie might be regarded as surplusage, yet inasmuch as the surperfluous words are calculated to distract and mislead the ministerial officers of the court, as well as the parties litigant, we regard their insertion in the judgment as improper. The defendant in the execution had a right to have a proper judgment entered by appealing to this court.

The defendant in error has called our attention to the

case of Windisch v. Gussett, decided at the last term of the court, [30 Tex., 744,] wherein a judgment of the district court was enjoined for sundry reasons, one of which was the same as the error assigned in this case, and in which the injunction was dissolved. The counsel makes the inference that, because the injunction was dissolved, therefore an appeal does not lie. An examination of the case referred to will show, that one of the reasons assigned by the court for dissolving the injunction was, that the party was not authorized to resort to the extraordinary writ of injunction, when he had the legal and ordinary remedy of appeal or writ of error. The judgment is reversed and reformed.

Decreed accordingly.