Hemphill, Oh. J.
The latter objection, we are of opinion, cannot he maintained ; for, although J. B. Johnson, one of the sureties, was co-defendant in the judgment against appellants, yet there are two sureties against whom there is no such objection. Appellants are required to give bond with two or more sureties; and if two be given the requisites of the law are satisfied. The receiving of a co-defendant as a surety is, however, highly objectionable, as it may be possible that his sufficiency and not that of the actual sureties was the real ground of approval.
The first objection, viz, misdescription of the judgment, is more substantial.
The bond describes the judgment as one rendered against these parties, together with James B. Johnson and Jas. Perkins. The judgment described in the bond and that appearing in the record are against different parties. They are not the same judgments, and the variance in the description is fatal to the bond, and consequently to the appeal. (4 Tex. R., 287.)
*140 Had the names of all the co-defendants been inserted in the description, yet the statement of the judgment, though perhaps not fatally defective, would have been quite inaccurate. It is described as a judgment rendered against them in favor of said Border, surviving partner, in the District Court,, for the sum of seven hundred dollars and thirty-three cents, whereas it is a decree which restrains them from paying over a judgment for that amount to Coleman and Tinning, or any person for them, and authorizes John P. Border, surviving partner, to enforce the collection of the same for the benefit of the late firm of Francois & Border. The decree as rendered could scarcely be recognized by the description given in the bond.
The motion for a continuance to allow the parties time to give a perfect and sufficient bond is refused. The only contingency in which parties have been permitted to file a new bond is where the original bond was insufficient in amount but not vitiated by other defect, (4 Tex. R., 148;) and we are not disposed to extend the operation of the principle to cases not already embraced. The defect here is not insufficiency, but misdescription — the judgment as described in the bond being variant from that appearing in the record.
Appeal dismissed.
Note 61. — Smith v. Cheatham, 12 T., 37; Horton v. Bodine, 19 T., 280.
Note 62. — Smith v. Cheatham, 12 T., 37; Scranton v. Bell, 35 T., 413.