## SMITH v. CHEATHAM.

Where the appeal bond described the judgment as having been rendered for the defendant, that he recover the land described in the plaintiff's petition, &c., whereas the record disclosed a judgment simply for the defendant, that the plaintiff take nothing, &c., and that the defendant go hence, &c., and recover his his costs, the appeal was dismissed, because the bond did not properly describe the judgment.

An appeal bond which is insufficient in amount may be substituted by a bond in a sufficient amount; but an objection on account of a misdescription of the judgment, cannot be thus obviated.

Appeal from Harrison. Motion to dismiss. The appeal bond was for one hundred dollars, the suit being for the recovery of land.

*Clough & Lane*, for appellant.

WHEELER, J. This was an action of trespass to try title. There was judgment for the defendant, and the plaintiff appealed. The appellee moves to dismiss the appeal for the want of a sufficient appeal bond ; in that, 1st, The bond misdescribes the judgment, 2nd, It is insufficient in amount. The first objection to the bond is clearly well taken and must be sustained. The bond describes the judgment as having been rendered for the defendant, that he recover the land described in the plaintiff's petition, &c. ; whereas the record discloses a judgment simply for the defendant, "that the plaintiff take nothing," &c., and "that the defendant go hence," &c., and recover his costs.

The objection to the sufficiency of the bond in amount is also, it is conceived, well taken. The statute provides in cases of the character of the present, that the appeal bond "shall only be required for the costs of suit and damages on

appeal." (Dig. Art. 790.) The Section under which this bond was given does not expressly require, as does the preceding Section, that the bond shall be in double the amount of the judgment appealed from; but if it was not intended to require the bond in double the amount of the costs, it at least requires that it shall be in an amount sufficient to secure the payment of all the costs both of the District Court and of this Court. It is doubtful whether the bond in this case is sufficient to secure the costs which would be awarded against the appellant should the judgment be affirmed. This objection, however, might be obviated by giving a new bond; but the former objection cannot be thus obviated. (10 Tex. R. 277.) It consequently must be fatal to the appeal; which is therefore dismissed.

Appeal dismissed.