## WM. J. HANCOCK V. M. O. DIMON AND OTHERS.

Where the plaintiff sued for certain property, for which he had given his note to C. & Co., and alleged that the property and note were both in the possession of the defendant, and prayed that he might recover the property, or that his note should be cancelled ; and the defendant answered that he had no claim, but held the property and note as agent for C. & Co. ; and C. & Co. intervened, alleging facts which showed they were entitled to both the property and the note, and praying judgment for the property and the balance due on the note ; on objection by the plaintiff, that the demand for judgment on the note was improperly joined, this Court said that it was not for him to object that the note had no connection with the suit, after having himself put the note in litigation in his petition.

Where it appeared by bill of exceptions, that the plaintiff called his attorney as

a witness, to whose competency the defendant objected, " because said wit-
" ness is interested, his interest being his commission upon 'the note set up,
" which is, according to custom, ten per cent. upon the amount recovered
" in controveisy ;" which objection was overruled ; this Court declined
to revise the point, on the ground that the bill of exceptions did not
disclose the evidence of the witness, remarking that the witness might have
testified in relation to some matter not at all connected with the note ; and if
so, his commissions could not be affected by such testimony.

Error from Bastrop. Tried below before the Hon. Thomas H. Duval.

The whole substance of the bill of exceptions is stated in the second paragraph of the syllabus of this report.

*S. C. Blanton*, for defendants in error.

LIPSCOMB, J. This suit was brought by the plaintiff in error against the defendant Dimon, to recover a lot of books, known as the Bastrop Library. Plaintiff alleged that the books were purchased by him from S. S. Nichols, agent for Cowperthwaite & Co., for which he had given his note, which note was in the possession of Dimon ; he prays that the books be decreed to him, or that the note be cancelled. He prayed for and obtained a writ of sequestration of the books.

Dimon answered, disclaiming any individual interest in the books ; alleges that he had replevined the books as the agent of Thomas, Cowperthwaite & Co ; and was ready to deliver them to whomsoever the Court might direct.

Thomas, Cowperthwaite & Co. filed their petition as inter-venors, in which they alleged that they are the owners of the books; that they purchased them through their agent and attorney, Blanton, at a public sale in the town of Bastrop, at a sale ordered by the Bastrop Library Society ; that plaintiff was President of the Association, participated in making the order, and ratified and acquiesced in said sale ; that the books were originally purchased of the intervenors by the plaintiff,

for which he gave his note for five hundred and fifty-one dollars and twenty cents ; that he had paid on the note one hundred and seventeen dollars and thirty-three cents, which had been credited on the note ; that the books, when sold at public sale, were bid off at one hundred and fifty dollars, which sum had been credited upon the said note. They pray judgment for the books and for the balance due on the note aforesaid, with interest. The petitioner, (plaintiff,) in answer to the petition of the intervenors, objects to the note being set up by the intervenors, and to their claim of judgment on it, because it is in no way connected with the suit for the books ; and answers, admitting the sale, but alleges that the books were bid off by the said Blanton for him as his agent ; that B. had promised him so to do, and afterwards informed him that he had so done ; and prays that the proceeds may be decreed to enure to him. The objection made by the plaintiff, to bringing the note in litigation for judgment, in the petition of the intervenors, was overruled. The case was submitted to the Court, without the intervention of a jury, and judgment was rendered for the balance of the note for the intervenors, and also a decree in their favor for the books.

There was a bill of exceptions, taken by the plaintiff, to the admissibility of Blanton as a witness for the intervenors, on the ground of his being their attorney, and entitled to commissions on the amount recovered. The competency of the witness, and the overruling the objection to the judgment claimed by the intervenors on the note, present the only grounds of error assigned, believed to be worthy of notice.

It is not believed that the Court erred in overruling the objection to the note being made a part of the intervenors' claim for judgment. The plaintiff, himself, had in his petition, put that note in litigation, for adjudication, and it is not for him afterwards to object that it has no connexion with this suit. The note and the parties in interest, being all before the Court, the liability arising on the note could be well as

decided, as if it had been made the foundation of a separate suit between the parties.

Whether Blanton was a competent witness or not need not be decided, because the record does not disclose what was his evidence. If it was not material to the issue between the parties, his incompetency would not be a sufficient ground for a reversal of the judgment. If he gave evidence, the bill of exceptions should have shown what it was. He may have testified in relation to some matter not at all connected with the note ; and if so, his commissions could not be affected by such testimony ; hence the necessity of its being shown what he did swear to, before his competency could be revised.

The case has been submitted to us upon the record and the assignment of errors, without argument and without a brief. The defendant claims damage as a case of delay. We do not regard it as a case brought up for delay. The judgment is therefore affirmed without damages.

Judgment affirmed.