JOSEPH H. PRICE V. LEROY M. WILEY AND OTHERS.

The plaintiff in an action on a promissory note may allege, by way of amend-
ment, that he is merely an agent for another, and such other may, in the same
amendment, become a party to the suit ; such proceeding is not properly
the making of a new party ; but if it were so regarded, the defendant could
not object, unless he were thereby deprived of some substantial defence.

Where the plaintiff, who sues for the use of another, which fact is apparent
from the petition, dies, the suit may be prosecuted to judgment by the bene-
ficiary ; but if the fact does not so appear from the petition, the suit must
be revived in the name of the representatives of the deceased plaintiff ; and
persons claiming the real interest in the suit may intervene, and contest their
rights with such representatives ; but the defendant can not be deprived of
any just defence to which he would otherwise have been entitled.

Error from Rusk.   Tried below before the Hon. William
W. Morris.

The petition was filed Oct. 18th, 1854 ; amended petition
filed Spring Term, 1856 ; and judgment at same Term.   The
amended petition was filed by the attorneys of the original
plaintiff.

*J. H. Parsons*, for plaintiff in error.

*Lewis & Flanagan*, for defendants in error.

HEMPHILL, CH. J.   This suit was brought by Charles Keith
as plaintiff, against Joseph H. Price, the plaintiff in error, as
defendant.

Subsequently, and after a plea of general denial by defendant,
there was put in a pleading which is styled an amended peti-
tion, in which the plaintiff, by leave of the Court, comes and
amends and says that Charles Keith (that is the plaintiff him-

Price v. Wiley.

self) is but the nominal plaintiff in the case, aud never had any interest, ownership or possession of the note sued on, but was merely the agent of L. M. Wiley & Co. The person of the pleader then suddenly changes ; Keith vanishes ; and L. M. Wiley & Co. continue the averments, alleging that the notes are theirs, &c.

To this amended petition the defendant excepts, on the ground that it attempts to introduce an entirely new party into the suit, and pleads also a general denial. The exception was overruled. This has been assigned as error, but upon the facts which are alleged in the amended petition, there was no error in overruling the exception. The plaintiff Charles Keith, in the amended petition, admits that he was not the owner of the notes, but that he held them merely as the agent of L. M. Wiley & Co., and Wiley & Co. pray to be substituted as plaintiffs. This was but a substitution of the principals for the agent, with the consent of the agent himself and was not properly the making of a new party. But if the principals were new parties, the defendant could not object on that account alone, unless he were thereby deprived of some substantial defence ; nor could he, on the admission of new parties, be subject to the costs thus far in the suit expended. (Henderson v. Kissam, 8 Tex. R. 46.) There was no error in overruling the exception to the amended petition, as it stood upon its allegations.

But when the judgment is examined, its recitals show a state of facts under which L. M. Wiley & Co., were made parties plaintiffs, quite different from that to be inferred from the amended petition. The judgment shows that Keith was dead before L. M. Wiley & Co. attempted to introduce themselves as parties. The amended petition leads to a different conclusion, viz.: that Keith was alive, and introduces his principals who then take up the averments. The judgment commenced as follows : this day come the parties by their attorneys, and the death of the plaintiff being suggested, L. M. Wiley & Co.,.by

attorney, make themselves parties plaintiffs, &c. The manifest inference is, that L. M. Wiley & Co. were made parties after the death of Keith ; and though the exception to the amended petition was properly sustained, yet the question is whether under the facts as they truly existed, and as they must have been known to the Court, as appears from the judgment itself, L. M. Wiley & Co. should have been allowed to come in as parties plaintiffs, and have the judgment entered in their name against the defendant. Charles Keith was the sole plaintiff in the original petition. On his death the suit abated, unless his legal representatives either came in voluntarily or were brought in and made parties plaintiffs. (Art. 697, Hart. Dig.) Had Keith sued for the use of L. M. Wiley & Co., and had this appeared from the petition, the suit would not have abated by his death, but might have been prosecuted by the beneficiaries to judgment. (Hart. Dig. Art. 701.) Their right would then have appeared of record. But after the death of a plaintiff, sueing for himself, the suit can be revived and continued only in the name of his legal representatives. Persons, claiming the real ownership of the notes, can, if they choose, contest their rights with such representatives, and if established, may claim judgment in their names, and this in the same suit, provided such change of parties shall not deprive defendant of a substantial defence to which otherwise he would have been entitled.

Judgment reversed and cause remanded.

Reversed and remanded.