Heard v. Lockett.

JAMES G. HEARD AND ANOTHER v. HENRY E. LOCKETT.

Where a party uses the name of another in suing for his own use, when he might have sued in his own name, he may change the suit into his own name by amendment.

Where A makes a lease to B, and C takes an under lease from B, stipulating to pay to A the rent agreed to be paid by B, but A refuses to recognize C as his tenant, and demands the rent from B, which is accordingly paid by him, B has his action against C to recover said amount.

Error from Washington. Tried below before the Hon. R. E. B. Baylor.

The petition alleged all the facts, and made the under lease a part thereof. There was a bill of exceptions, that after the plaintiff had read his petition and amended petition to the jury, and defendants' attorney had announced his defence, the attorney of plaintiff offered to read in evidence the under lease, to the reading of which defendants objected, on the ground that said under lease, although made a part of the petition, was not as such read; objection overruled, &c. The amendment struck out the words "James Baldridge, who sues for the use of," from the original petition. Exceptions thereto overruled. The other facts are stated in the Opinion.

*Rogers*, for plaintiffs in error, cited 2 Tex. R. 351.

ROBERTS, J. Lockett had rented from Baldridge the Washington Hotel for the year 1855. Plaintiffs in error and Emmons, who were defendants below, gave Lockett an advance of five hundred dollars, styled by the witness a "bonus," and took a lease of the place for 1855 from Lockett, agreeing to pay him his five hundred dollars upon taking possession, and also to pay to Baldridge one thousand dollars in quarterly instalments. This contract was reduced to writing. It was further alleged and shown, that defendants below went into possession and enjoyed the premises according to contract, paid the five hundred dollars, and afterwards paid about three hundred dollars more to Lockett;

that Baldridge refused to recognize Heard and Ringold as his tenants, but continued to hold Lockett responsible as his tenant, and that Lockett had fully paid Baldridge the rent for 1855; that Lockett being a tenant of Baldridge, the instrument was drawn in his favor under the expectation, then entertained by all the parties, that he would recognize Emmons, Heard and Ringold as his tenants, and discharge Lockett.

Under these circumstances Lockett obtained a judgment on this obligation for the unpaid balance, and plaintiffs in error now seek to reverse it.

The first ground assigned is, that there was a change in the name of the plaintiff in the suit below. Upon inspection of the petition it will be seen, that although the suit is nominally brought by Baldridge for the use of Lockett, still Lockett is the party who represents and speaks in detailing the facts of the case. In the amended petition, Lockett discards the name of Baldridge as a nominal plaintiff; which we think he had a right to do; and that he should have done it at first.

There certainly can be no propriety in retaining a merely nominal party. Baldridge had virtually refused to adopt this contract, and therefore he had no real interest in it; and if Lockett had an interest, that he thought he could enforce, it was far more in unison with our blended system of law and equity, that he should throw off his fictitious shelter, and demand his rights in his own name.

The main question in the case, which is presented in a variety of ways in the course of the trial, is, can Lockett maintain a suit, in his own name, on this obligation for one thousand dollars payable to Baldridge.

In an action strictly at law there would be no doubt that he could not. In equity it is otherwise.

In Merlin v. Manning (2 Tex. R. 351,) it was held, and since that it has been repeatedly held, that the holder of an instrument, not negotiable, may maintain a suit upon it in his own name, but he must show his right to the paper, either by an indorsement, or proof of ownership.

The proof in this case shows that the consideration of this contract moved directly from Lockett to the obligors, and that the contract to pay one thousand dollars was made with him, and although, as matter of convenience and under an expectation which was disappointed, it was made payable to Baldridge, still it was intended to inure to Lockett's relief and benefit. Bal-

dridge's refusal to adopt the contract as his contract, as the parties had anticipated he would, did not lesson the obligation of Emmons, Heard and Ringold to pay what they had promised. Equity would dictate that they should pay it to the person, for whose benefit it was promised, and who furnished a valuable consideration for it. · Lockett paid off and discharged his obligation to Baldridge, which this instrument was intended to satisfy; and thereupon became the equitable owner of it, and entitled to sue in his own name.

Another error assigned is the ruling of the Court in permitting Lockett to read to the jury, as part of the pleading, and also as evidence, the instrument upon which the suit was founded, after the evidence had been closed.    This has ever been held to be a matter within the sound discretion of the Court, and not subject to revision by an appellate tribunal.    (2 Phillips, Ev. 408 & 409.)

We are of opinion there is no error in the record.    Therefore the judgment is affirmed.

Judgment affirmed.