CHRISTOPH ROTZEIN v. C. L. COX AND OTHERS.

An injunction does not lie, to set aside a judgment rendered in a Justice's Court, on the petition of a party to such proceeding in that court, based upon the ground, that the evidence did not legally authorize the rendition of such judgment, and was, therefore, merely erroneous; his remedy is by certiorari.

A judgment against a garnishee, though erroneously rendered, will not affect the interest of a third person, not a party to the proceeding; nor deprive him of any just right he may have to the funds in the hands of such garnishee.

The fact of such judgment being rendered, though on evidence which might not legally authorize it, will not, of itself, be sufficient ground for another claimant of such fund to enjoin the judgment and set the same aside.

ERROR from Guadalupe. Tried below before the Hon. Alexander W. Terrell. Suit brought by plaintiff in error, by bill of injunction, against the defendants in error, C. L. Cox and T. H. & G. B. Hollamon, in which it was alleged that Cox, on the 27th day of June, A. D. 1857, obtained a judgment before a justice of the peace, against one Frederick Moffield, for the sum of one hundred dollars, principal and costs. That on the same day, Cox caused the said justice to issue a writ of garnishment against Thos. H. & G. B. Hollamon, in favor of the said Cox; and that on the twenty-eighth day of July, Thomas H. Holla-

mon, pursuant to the said writ, appeared in open court before the said justice, as well as said Cox, by his attorney, and petitioner also, by his attorney, appeared and filed his protest, as follows :

"No. 158.    C. L. Cox v. F. Moffield.    Garnishment of T. "H. & G. B. Hollamon.

"In this cause, comes Christoph Rotzein, and files this his "objection to this court ordering said Hollamans to pay, or "being bound by this court to pay, any part of the amount of "the money for which they are garnisheed," &c.    The protest or objection proceeded to state the grounds of the petitioner's claim to the funds in the hands of the Hollamons, by virtue of an assignment of the same to him, by Moffield, in good faith, for a valuable consideration, and before the issuing of the writ of garnishment.    That the answer of the Hollamons acknowledged funds of Moffield in their hands, and that, before the issuing of the garnishment, they had verbally accepted an order from Moffield on them, in favor of the petitioner, for all the funds in their hands belonging to said Moffield, amounting to near four hundred dollars, and had paid thereon to the petitioner a small amount.

The petition set forth evidence adduced on the trial, to show that Moffield, for a valuable consideration, as well as for the advance by petitioner to said Moffield, of two hundred dollars, gave the order aforesaid, on the Hollamons, and a receipt of T. H. & G. B. Hollamon, with authority endorsed thereon by Moffield, to petitioner, to receive the balance of his demand on them; also evidence to show the consideration of the transaction.    That thereupon the justice rendered judgment against the Hollamons, as garnishees, to pay to said C. L. Cox, the plaintiff in said garnishment, out of the money in their hands, the amount of said judgment, interest and costs.

Petitioner then prayed for a writ of injunction, enjoining the payment of said amount by the said Thomas H. Hollaman, or the enforcement of the said judgment against them, by Cox, or the said justice of the peace.    Prayer for process against Cox and Thos. H. & G. B. Hollamon, who were cited to appear and show

cause why the said injunction should not be made perpetual; that the judgment on the garnishment, and proceedings therein should be certified to the Disrtict Court, and reviewed and held for naught; and a decree that Thomas H. & G. B. Hollamon pay to him the amount of money which they held as aforesaid.

The defendant, C. L. Cox, filed a general and also special exceptions to the plaintiff's petition, and as special causes of exception, the following:

1st. The plaintiff does not show any injury that has, or probably can, result to him from the enforcement of the judgment complained of.

2d. Does not show that Moffield is insolvent, and unable to pay any amount that might be recovered against the plaintiff, in consequence of any forfeiture that might accrue by the default of said Moffield. (Cox became Moffield's security on an appearance or bail bond, which was the consideration in part of the alleged assignment to Cox.)

3d. It appears from the petition, that the plaintiff had notice of the pendency of the suit against said Hollamons, as garnishees; and that on the trial, Rotzein was a party, by intervention, and was allowed to come in and assert and defend his claims before the justice, and in fact a party to said proceedings; and cannot assail the judgment collaterally, but should have removed the said cause to the District Court by certiorari; and the time having elapsed, within which he could obtain such certiorari, he cannot now disturb the judgment; and prayed judgment upon said exceptions.

These exceptions were sustained by the District Court, the injunction dissolved, and the bill dismissed.

*Hancock* and *West*, for plaintiff in error. This case is before the court upon the sworn bill of complainant, the judgment of the court below having been, that "the allegations contained in "the said bill are not sufficient, in law or equity, to entitle the "said plaintiff to have and maintain his said suit." The only

question, then, for the court to determine is, whether the bill discloses sufficient equity on the part of the complainant, to entitle him to have and maintain an action in regard to the subject matter of his complaint.

The bill charges that one Moffield had money in the hands of T. H. & G. B. Hollamon; that a criminal charge had been preferred against him; and that, upon examination, he was required to enter into bail for his appearance, in the sum of one thousand dollars. That to induce the appellant to become his surety thereon, and to protect him from loss, Moffield delivered to him an order on the Messrs. Hollamon, for the money in their hands, and also delivered and assigned their receipt for said money, to complainant; which order was presented and verbally accepted by the drawees, and a portion of the money paid at the time. All this is alleged to have occurred, before the service or issuing of the writ of garnishment. This, it is contended, vested the property in the money, in their hands, absolutely in the complainant, they holding it as a special deposit for him; and, of course, it was thus placed out of the reach of the garnishment. The objection to the character of the remedy adopted by this complainant, is based upon a mere assumption, to wit: that he was a party to the proceedings before the magistrate, which he never was, except so far as to protest against proceedings going to affect the funds in the hands of the Hollamons; and being no party before the magistrate, he could not resort to a writ of certiorari, but only to an injunction. Further, this complainant advanced two dollars to Moffield, before any service or issuance of garnishment.

These allegations show an actual and present interest in the money in Hollamon's hands, and present a clear case for relief.

ROBERTS, J. The plaintiff seeks to set aside a judgment rendered by a justice of the peace, upon the ground, that it was rendered upon evidence which would not legally authorize such a judgment, and was therefore merely erroneous.

If Rotzein made himself a party to the suit before the jus-

tice, (which does not distinctly appear,) then his remedy was by certiorari. If, however, he did not make himself a party, and was not so treated in the suit before the justice, then it was a judgment between third parties; which, though conclusive, while it stands, as between the parties to it, does not affect his interest, nor deprive him of any just rights, which he may have to the funds in the hands of the Hollamons. If the garnishees have suffered a judgment to be wrongfully rendered against them, in favor of Cox, and shall suffer it to remain in force, that does not necessarily discharge them from their legal liability to Rotzein, if the funds in their hands had really been fully transferred to him, before the service of garnishment on them.

The demurrer to the petition was properly sustained.

Judgment affirmed.