PETER WALLERATH ET UX. v. ERNST KAPP.

Under the 21st section of the act of 1866, organizing the county courts and
conferring on them limited jurisdiction in certain cases, the right of appeal
is given to the district court. (Acts 11th Leg., p. 48, sec. 21.) But the
appeal had to be prosecuted within ten days or a better excuse given than
that the party did not know the result of the suit.

The constitution of 1866 gives to the district court power to issue the writ of
*certiorari* and all other writs necessary to their general supervision and
control over inferior tribunals. (Paschal's Dig., Art. IV, sec. 6, p. 935.) But ·
the legislature intended that an appeal should be the usual remedy.

The writ of *certiorari* is not strictly a writ of right in the sense that a party
has an absolute right to have it issued for his benefit, but it is issued in the
sound discretion of the court, and the court has the same right to dismiss it
if it be wanting in merits.

The county court act limits appeals coming from the county court, through
the district court to this court, to controversies amounting to $200 and over.
(Acts of 1866, sec. 21, p. 48.)

APPEAL from Bexar. The case was tried before Hon.
THOMAS H. STRIBLING, one of the district judges.

Ernst Kapp had sued Wallerath and wife in the county
court on two promissory notes. Mrs. Wallerath demurred
to plaintiff's petition as insufficient to charge her, and also
pleaded that one note was given for usurious interest; that
the other had been paid by a proper application of the pay-
ments of usurious interest on it. P. Wallerath pleaded
substantially the same pleas, and to prove them propounded
in his answer interrogatories to plaintiff, under the act of
May 13, 1846. The interrogatories were never answered,
although sent to plaintiff Kapp's address. At the trial
the county judge overruled the demurrer, would not allow
the interrogatories taken for confessed, and rendered judg-
ment against the defendants, who moved for a new trial,
and, after that was overruled, gave notice of appeal, which
was not perfected. Sometime thereafter a writ of *certiorari*
to the district court was sued out by both defendants, they
alleging as excuse for not prosecuting the appeal that they

lived in a remote part of the county and could not within the time, get the bond into court. On motion the *certiorari* was dismissed, because no sufficient excuse for not prosecuting the appeal had been stated in the petition.

*Leigh & Ditmar*, for appellants.—I. The amendment to the motion to dismiss the *certiorari* came too late. The court should not have granted leave to amend. (Paschal's Dig., Art. 54.)

II. It is taken for granted that that part of section 6, article IV, "judicial department," amended constitution of the State of Texas, which gives the district court appellate jurisdiction in cases originating in inferior courts, does not abrogate the power of district courts and of the judges thereof to issue writs of *certiorari* to inferior tribunals if a proper case be presented.

The court below, with the whole record before it, has held the petition for the *certiorari* to be meritorious, and dismissed it for no other reason than that stated in the bill of exception, to wit, That the petition contained no sufficient excuse for not perfecting the appeal.

If there were a statutary provision concerning writs of *certiorari* to the lately-created county courts, authorizing their use, then, under the decisions of this state and the current authorities of other states, the right to the writ of *certiorari*, without rendering any excuse for not appealing, would be clear. (Ray v. Parsons, 14 Tex., 370; Poag v. Rowe, 16 Tex., 590.)

*Chandler & Carleton*, for appellee.

LATIMER, J.—The appellee instituted suit in the county court against the appellants and recovered judgment, from which judgment the appellants, by counsel, gave notice of appeal. The appeal was not perfected, and between five and six months after the judgment was rendered the appel-

lants appealed to Judge STRIBLING for the writ of *certiorari*, to remove the case to the district court. The judge granted the writ, but, when the cause came on to be heard in the district court, he dismissed the case upon motion, giving as his reasons for doing so that the parties who applied for the writ had shown no sufficient excuse for not prefecting their appeal.

The only reason given in the petition for the *certiorari* why the appeal was not perfected is, that " petitioner lived too far in the country, and could not be notified in time, of the result of the trial."

The act of October, 1866, organizing the county courts and defining the powers and jurisdiction thereof, regulates appeals from the county courts to the district courts, and requires that the appeal bond shall be executed within ten days from the adjournment of the court. The constitution of 1866 clothes the district courts with the power to issue the writ of *certiorari* and all other writs necessary to give them a general superintendence and control over inferior tribunals; and, while it may be true that a party aggrieved by the judgment of the county court might invoke the jurisdiction of the district court by means of the writ of *certiorari*, still it is certain that the legislature intended that an appeal to the district court would be the usual method by which the judgment of the county court would be revised. The writ of *certiorari* is not strictly a writ of right, in the sense that a party has an absolute right to have it issued for his benefit. It rests within the sound discretion of the judge to grant it or not; and, inasmuch as he usually grants it upon an *ex parte* showing, he reserves the right to dismiss it, if the application for it appears, upon more mature consideration, to be wanting in merits.

In this case we think the judge below did not err in dismissing the petition for the *certiorari*, for the reason given by him. It was the duty of the defendants below to have perfected their appeal, or to show some good reason why

they did not, which would have equitably entitled them to the writ of *certiorari*. This they failed to do. The act of October, 1866, also limits the right of appeal from the district court to this court, in cases taken up by appeal from the county court, to causes in which the amount in controversy is $200 or upwards. The matter in controversy here is less than $200, and we are of opinion that, although this cause was not taken up from the county court by appeal, the spirit of the act of 1866 requires us to decline to entertain it for want of jurisdiction. The case is therefore

DISMISSED.