## W. A. ROBINSON v. MEDORA SANDERS.

1. In November, 1869, a petitioner for an injunction and a new trial alleged that in March, 1868, judgment had been rendered against him in a justice's court without evidence, and was therefore void ; that petitioner had appealed to the district court, but his appeal was dismissed on account of a defect in his appeal bond ; that immediately thereafter the plaintiff in the judgment died; that no administration had been taken out on his estate, nor until very lately had any inventory been filed in the probate court ; that within the last few days the first execution, dated more than twelve months after the rendition of the judgment, had been sued out by the widow of the deceased plaintiff;. that this execution was void because it covered an excess of costs charged by the justice and constable, and because it was issued in the name of the deceased plaintiff; and the prayer was for injunction, supersedeas, and a trial *de novo* in the district court. A preliminary injunction having been granted on this petition, exceptions to the petition and a motion to dissolve the injunction were filed, assigning no cause of action, want of equity; etc. *Held*, that the exception was rightly sustained and the injunction properly dissolved; that the judgment was not void, and the petition presented no sufficient cause for enjoining it.

APPEAL from Johnson.    Tried below before the Hon. A. B. Norton.

The head note, it is believed, presents fully, though much condensed, the allegations of the petition, so that a reiteration of the latter here would serve no useful purpose.   It may be proper to state, however, that the petition did set out the evidence on the trial of the attachment suit, in which, on the appellee's plea in reconvention, the judgment had been rendered against the appellant; and that the evidence thus set out, though pertinent enough to the issue on the attachment, seems to have been entirely irrelevant to that on a plea in reconvention.

*W. H. Griffin*, for the appellant.

*Amzi Bradshaw*, for the appellee.—Appellant instituted suit by attachment against the appellee for the value of a certain steer. The case was tried before the county judge.   Defendant pleaded damages for the wrongful suing out the attachment; and after a full and fair investigation of all the facts, recovered a judgment against plaintiff for twenty dollars damages.   Robinson took the case to the district court by appeal, which was dismissed and judgment rendered for appellee.   Robinson, being dissatisfied about his appeal being dismissed, by his attorney, enjoined said judgment, and says the court erred in dismissing his appeal, which, if this is the fact, it seems to me he should have brought his case to this court for revision.   Sanders died and Mrs. Sanders took charge of the estate under the act of 1856.

The court did not err in dissolving the injunction, because the record shows that there was a trial upon the merits and a judgment for defendant.   And the petition for injunction does not show any legal or equitable reason which has arisen since the rendition of said judgment, why said judgment should not be paid.   If a judgment is sought to be enjoined because of facts existing at the time of the rendition of said judgment, " the petition must show

that the party was deprived of making his defense." (Bullard v. Rogers, Dallam, 460.) This petition does not show these facts. It is then without equity.

"An injunction does not lie to revise the judgment of a justice of the peace in favor of a party to it whose remedy is *certiorari*. Neither would it lie for a party whose remedy is appeal." (Rotzein v. Cox, 22 Tex., 65.)

"An injunction will not be granted because the justice refused to consider his offset." So in this case; if the county judge committed an error, the remedy was by appeal to the district court; and if the district court failed to redress his grievance, he must then appeal to the Supreme Court. (Fitzhugh v. Ortin, 12 Tex., 5 ; Musgroves v. Chambers, 12 Tex., 32 ; Sayles's Practice, 118 ; Bristow v. Lively, 12 Tex., 60.) Error in taxation of cost is no ground for an injunction. (Davis v. Thomas, 5 Tex., 389.)

WALKER, J.—We are unable to see any error of the court upon this record. The case was not a proper one for an injunction and the court acted properly in dismissing the petition on exceptions.

Counsel for appellant appears to think his client badly used. He sued out an attachment and levied on a cow belonging to the appellee. She pleaded in reconvention of damages and recovered twenty dollars, and it was sought to enjoin the execution and collection of the judgment, because it was obtained without sufficient evidence; and counsel for appellant treats the judgment as void, and in his brief calls it a void judgment. Possibly it might have been avoided if he had taken the proper steps to save his client from it, but the judgment was not void, nor did the petition show any good reason why it should be avoided. The judgment of the district court is affirmed with costs.

Affirmed.