W. C. Long v. D. C. Smith.
W. C. Long v. J. T. Swearingen.

1. If a party prosecute a defective or insufficient appeal and lose his remedy at law, he cannot proceed in equity by injunction.

2. An appeal bond deficient in amount may be superseded by a new one, but a new bond cannot be substituted for one radically defective in form.

3. The extraordinary power of a court will not be exercised if a party has failed to properly use a legal remedy.

APPEALS from Washington. Tried below before the Hon. I. B. McFarland.

These two cases, Nos. 735 and 736, grow out of the same subject matter and are in reality the same.

In No. 735 suit was brought in the county court under the act of 1866, by D. C. Smith, who alleges that he had been doing business under the name of D. C. Smith & Co., against W. C. Long, for an account. After proceeding some time, an amended petition was filed, stating that W. C. Long had been a member of the firm of D. C. Smith & Co., and that he had sold his interest in the account against defendant to said D. C. Smith. With this state of the plaintiff's pleadings a trial was had, which resulted in a judgment in the county court in favor of D. C. Smith (October 7, 1868) against W. C. Long, for $338.12.

From this judgment appellant, W. C. Long, appealed to the District Court, filing his bond October 12, 1868. On the 24th of April, 1869, the second term after the appeal was taken, the plaintiff filed a motion to dismiss the appeal. On this motion (November 12, 1870) the court dismissed the appeal; and proceeding further, ordered execution in favor of the plaintiff for the amount of the judgment in the county court; from which ·judgment Long prosecuted writ of error to the Supreme Court.

On November 23, 1870, while No. 735 was pending in the Supreme Court, defendant Long began No. 736 by suing out a writ of injunction to enjoin the judgment of November, 1870.

On February 10, 1871, J. T. Swearingen intervened, claiming the judgment by purchase, and on the 9th of June following the injunction was dissolved and judgment rendered against W. C. Long and the sureties on his injunction bond, in favor of Swearingen, for the amount of the judgment in the county court, with inter-

11

est, from which decree Long appealed to the Supreme Court.

*J. D. & D. C. Giddings*, for plaintiff in error, cited Courand v. Vollmer, 31 Texas, 397; Edmiston v. Edwards, 31 Texas, 173; Parker v. Portis, 14 Texas, 167; Shelton v. Wade, 4 Texas, 149; 30 Texas, 394; 6 Texas, 265.

*Sayles & Bassetts*, for defendants in error, cited Hollis v. Border, 10 Texas, 277; Smith v. Cheatham, 12 Texas, 37; Horton v. Bodine, 19 Texas, 153; Graham v. Sterne, 16 Texas, 153; Mays v. Forbes, 9 Texas, 436.

WALKER, J.—This was a proceeding by injunction to restrain the collection of a judgment rendered in the County Court of Washington county.

The prayer of the petition was based upon the allegation that Long, the plaintiff, had appealed from the judgment of the County Court to the District Court, and that his appeal had been erroneously dismissed. The remedy by injunction is granted by courts of equity where the courts of law cannot give relief. No case of this kind was made out, and the injunction was improperly granted; if improperly granted, it was properly dissolved. If the plaintiff had suffered wrong in the County Court, he had his remedy by appeal, or *certiorari*. If he was aggrieved by the judgment of the District Court, he had his remedy by appeal to the Supreme Court. If he has neglected or misused his ordinary remedies he is not entitled to the extraordinary remedy, by injunction.

It is by no means manifest to us that the appellant would be entitled to relief, even were the case retried upon its merits. There was certainly no error in permitting the intervenor Swearingen to recover judgment in

his own name. (See Heard v. Lockett, 20 Texas, 162; Price v. Wiley, 19 Texas, 142.)

The judgment of the District Court is affirmed.

AFFIRMED.

*Walton & Green* and *J. D. & D. C. Giddings*, on motion for rehearing, cited Herndon v. Bremond, 17 Texas, 434; Spencer v. Kinnard, 12 Texas, 186 ; Kerr on Injunction, 4 and 6 ; Thompson v. Chareau, 7 Mart. La., N. S., 334; Smalley v. Taylor, 668, and Clamageran v. Bucks *et als.*, 4 Mart. La., 487; Bone v. Walters, 14 Texas, 566.

*Sales & Bassetts*, for Swearingen, cited Windisch v. Gussett, 30 Texas, 744; Wallerath v. Kopp, 31 Texas, 359 ; Rotzein v. Cox, 22 Texas, 62 ; Smith v. Ryan, 20 Texas, 661 ; McNeill v. Halmarck, 28 Texas, 157 ; Robinson v. Sanders, 33 Texas, 774; Price v. Wiley, 19 Texas, 142 ; Heard v. Lockett, 20 Texas, 162 ; Eccles v. Hill, 13 Texas, 65 ; Chandler v. Fulton, 10 Texas, 2 ; Hancock v. Devine, 17 Texas, 369 ; Smith v. Cheatham, 12 Texas, 37 ; Mays v. Forbes, 9 Texas, 436.

McADOO, J., *on rehearing.*—Of these two cases, one is the outgrowth of the other, and they may well be disposed of together.

Original suit was brought by D. C. Smith against the appellant, upon an account due the late firm of D. C. Smith & Co. This suit was brought in the County Court before that court was merged into the District Court. Judgment was rendered for plaintiff for $338.12.

The defendant took an appeal to the District Court, then in session. At the return term of the District Court—the succeeding term—a motion was made by the plaintiff to dismiss the appeal, because the appeal bond recited the judgment as rendered in favor of D. C. Smith & Co., whereas it was rendered for D. C. Smith; and also be-

cause the certificate of the clerk of the County Court did not show that the original papers had been transmitted as the law requires, and other reasons, not necessary to mention. The appeal was accordingly dismissed.

The defendant's counsel asked leave to prepare and file a new bond, which was refused by the court below.

There was no error in this ruling. The bond misdescribed the judgment appealed from.

While it has been held that a bond, deficient only in amount, might be superseded by a new one for a sufficient amount, yet we know of no authority for substituting a new bond for one radically defective in form. (Smith v. Cheatham, 12 Texas, 37; Hollis v. Border, 10 Texas, 277.)

The defendant gave notice of appeal to this court. This proceeding was had November 12, 1870. The appeal was not prosecuted; but, on the twenty-fourth day of June, 1871, the defendant filed a writ of error bond, and the cause was brought here on error.

The action of the District Court, dismissing the appeal, we think, was proper. This disposes of this branch of this litigation.

On the twenty-fifth day of November, 1870, W. C. Long, the defendant in the judgment above referred to, obtained a writ of injunction, restraining the collection of the judgment, upon the ground that—

1. Long had appealed from the judgment of the County Court to the District Court, and the appeal was improperly dismissed.

2. That he had a good defense to the action in the County Court, but that the County Court erred in admitting improper evidence and in its charge to the jury; and that the jury, in its blindness and stupidity, found a verdict for the plaintiff.

Smith, the plaintiff in the original suit, answered that

he had no interest in the judgment, having assigned the amount sued on to J. T. Swearingen, and authorized him to sue in his name. Swearingen intervened, claiming to be the owner of the judgment.

Upon motion, the injunction was dissolved, and judgment rendered for Swearingen, against Long and his sureties.

We see no error in this action of the District Court. The extraordinary power of the District Court will not be exercised, if the party applying for its exercise has failed properly to use a legal remedy. If he failed to appeal, or prosecuted an appeal in a defective or insufficient mode, and has lost his remedy, he cannot proceed in equity. (Smith v. Ryan, 20 Texas, 661 ; Rotzein v. Cox, 22 Texas, 62.)

Upon rehearing, we see no reason to change the ruling of this court heretofore announced.

These cases being treated together, and it appearing that there are two judgments in the court below, one in favor of Smith (which he renounces), and one in favor of Swearingen, a single judgment will be rendered in this court, in favor of Swearingen alone.

AFFIRMED.