## TURNER KING v. JAMES E. HOPKINS.

1. DEFECTIVE APPEAL BOND.—See a bond held fatally defective as appeal bond from the County Court to the District Court, and which could not be supplied by a new bond, so as to confer jurisdiction upon the District Court.

2. APPEAL BOND, WHEN SUBSTITUTED.—This court has allowed new appeal bonds to be substituted only when the original bond was insufficient in amount, or when signed by but one security.

3. PRACTICE IN SUPREME COURT.—Upon the Supreme Court reversing the judgment of the District Court overruling a motion to dismiss the appeal from the County Court, (under act of 1866,) the original appeal is dismissed, and the case certified to the District Court, to be enforced as unfinished business of the County Court.

APPEAL from Red River. Tried below before the Hon. John C. Easton.

Turner King sued James E. Hopkins in the County Court of Red River county, and on December 9, 1868, judgment was rendered for King for $412.50 and costs.

Motion for new trial was overruled, and notice of appeal given on the same day.

December 14th Hopkins filed his appeal bond in the sum of one thousand dollars, conditioned: "That whereas the said Turner King did, on the 9th day of December, 1868, obtain a judgment against the said James E. Hopkins, jr., for four hundred and twelve dollars and fifty cents, as principal,　　　　dollars and costs of suit, before the County Court of Red River county, from which judgment the said James E. Hopkins, jr., has taken an appeal to the District Court of the State of Texas, to be holden in Clarksville on the 6th day of April, 1869: now if the said James E. Hopkins, jr., shall prosecute his said appeal, and obtain a reversal of judgment, or pay said amount of principal, interest, damages, and costs, with such amount of damages as the said District Court shall award, then in that case this obligation to be null and void, otherwise to remain in full force and effect."

In the District Court, King moved to dismiss the appeal on account of the insufficiency of the appeal bond, which motion, on April 3, 1869, was overruled, and Hopkins was granted leave to file a new bond, which was done on April 7.

After the second appeal bond was filed, King again moved to dismiss the appeal, because the first bond was defective, and the second was not filed within the time prescribed by law.

This motion was overruled, and at October term, 1874, the case came on for trial. A jury being impaneled, and plaintiff declining to introduce any evidence, the verdict and judgment were for defendant, Hopkins.

Turner's motion for new trial was overruled, and he appealed to the Supreme Court.

The errors assigned were the overruling of the first and second motions to dismiss the appeal from the County Court.

4

*Clark & Todd*, for appellant.

No brief for appellee.

REEVES, ASSOCIATE JUSTICE.—This suit was brought by appellant against appellee in the County Court of Red River county, and taken by appeal to the District Court of that county, and thence to this court. The suit was commenced in 1868, in the County Court, as organized under the act of 1866, and appealed to the District Court before the adoption of the present Constitution.

The grounds for the appeal to this court will appear from the assignment of errors, as follows:

1. For error in overruling plaintiff's first motion to dismiss the appeal, and for permitting defendant to file a new bond.

2. For error in overruling plaintiff's second motion to dismiss the appeal.

3. Overruling plaintiff's motion for a new trial. The motion for a new trial was based on the grounds assigned for error, and the further ground that the verdict of the jury was contrary to the law and the evidence.

After the cause reached the District Court, appellant in this court, and who was appellee in the District Court, moved to dismiss the appeal from the County Court, for the reason, among others, that the appeal bond was not conditioned as the law requires. It appears from a bill of exceptions taken at the time, that the court held the bond to be insufficient, but refused to dismiss the appeal, and permitted the appellant in that court (appellee) to file a new bond, which was done, and the bond was approved by the District Court clerk. Appellant moved again to dismiss the appeal—

1. Because the appeal bond filed December 14, 1868, is not conditioned as the law requires.

2. Because the appeal bond filed April 7, 1869, was not filed within the time prescribed by law.

3. Because there are two appeal bonds, neither of which complies with the requirements of law. This motion was also overruled, and the cause was submitted to a jury, and appellant declining to offer any evidence, the jury, under the instructions of the court, returned a verdict for appellee.

It is apparent that the first appeal bond failed to comply with the requirements of the statute under which it was taken and in force at that time, and it was properly held by the court to be insufficient. It was not conditioned for the prosecution of the appeal with effect, and for the performance of the judgment, sentence, or decree of the District Court, as required by the statute, on appeals from the county court to the District Court. (Pas. Dig., art. 6085.)

The refusal of the court to dismiss the appeal, and permitting the appellant in that court to file a new bond, is the main question in the case. The statute already referred to provides that the appeal bond shall be given within ten days after the adjournment of the county court, to be approved by the county clerk.

The second appeal bond was executed in the District Court, and approved by the district clerk, more than three months after the cause had been carried to the District Court on appeal. The conditions of the statutory bond for an appeal from the County Court are almost identical with the bond for the removal of a cause by appeal from the District Court to the Supreme Court. The act of 1846, regulating appeals to the Supreme Court, requires the bond to be given within twenty days after the term at which the judgment was rendered; and where the twenty days had elapsed before the bond was given, there was no jurisdiction, and the judgment of the Supreme Court was held at a subsequent term to be a nullity. (Burr *v*. Lewis, 6 Tex., 81.)

The cases in which new appeal bonds have been given have not been extended further than to cure defects for in-

sufficiency in the amount of the bond, or to permit the addition of another security on a *certiorari* bond, where but one had signed, two being required by the statute. (Shelton *v.* Wade, 4 Tex., 148; Hollis and Wife *v.* Border, 10 Tex., 277; Smith *v.* Cheatham, 12 Tex., 37; Berry *v.* Martin, 6 Tex., 264.)

The appeal bond in this case, which was approved by the clerk of the County Court, departs so far from the bond required by the statute that its amendment, or the permission to file a new bond, was not in accordance with what has hitherto been regarded as the settled practice of this court on appeals from the District Court, and, as analogy, the appeal from the County Court should have been dismissed when the bond was adjudged to be insufficient, and the taking of the second bond was erroneous.

It remains only to inquire as to what disposition shall be made of the case in the District Court.

The act of August 8, 1870, passed after the adoption of the present Constitution, makes the clerks of the District Courts custodians of all the papers and records of the County Courts, and provision is made requiring the district clerks to transfer all undetermined causes on the County Court docket to the District Court docket for trial as other causes in the District Court, with authority to the clerks of the District Court to issue all writs, process, and final executions, to complete the unfinished business of the County Courts, and to carry their final judgments into full execution. No further provision was made for the disposition of such causes as were pending on appeal in the District Court when the County Courts, as organized under the act of 1866, were abolished. Where the appeal had been perfected, and the cause was pending in the District Court, under the previous statute in force at the time the records were transferred, such causes would be tried as other causes in the District Court.

The effect of dismissing the appeal from the County

Court is to regard the judgment of that court as unfinished business, to be completed by the issuance of such process, including final executions, by the clerk of the District Court, as may be necessary to carry the judgment of the County Court into execution. In order that this may be done, the judgment of the District Court is reversed, and the appeal from the County Court to the District Court is dismissed, leaving the judgment of the County Court to be enforced as indicated in the opinion.

REVERSED AND DISMISSED.