## BUCHANAN & WIFE vs BIGLER.

SUPREME COURT, TYLER TERM, 1883.

*Practice—Appeal Bond.*—Where the appeal bond fails to describe the judgment appealed from, so as to clearly identify it, a motion to dismiss the appeal will prevail. See the opinion in illustration.

Appeal from Marion County.

*Geo. T. Todd* for appellants.

*H. McKay* for appellee.

Opinion by Willie, C. J.

A motion is made to dismiss this cause for want of a sufficient appeal bond. The objections taken to the bond are, in effect, that it does not describe the judgment from which the appeal is taken with sufficient certainty to identify it.

Upon an examination of the bond we find that the name of the case is stated imperfectly, the names of the contracting parties being omitted.

The number of the case is not given, nor the date of the judgment, nor the name of the court in which it was rendered.

We are not informed who recorded the judgment, nor against whom it was rendered, nor is the nature of the recovery stated. Every appeal or writ of error bond should so describe the judgment sought to be revised that it can be identified.

Hollis vs. Borden 10 Tex. 277. Smith vs. Cheatam 12 Tex. 37. Herndon vs. Bremond 17 Tex. 432.

It is clear that the present bond does not so identify the judgment appealed from. Considered alone we could not tell from reading it where to look for such judgment, nor anything concerning its nature. We are left to conjecture from the fact that it is contained in the transcript with a judgment rendered in the District Court of Marion county in a cause similar in name to the one which appears in the preamble of the bond that it belongs to that case. In fact the bond does not purport to give us any description whatever of the judgment complained of, much less one by which it could be certainly identified.

The motion is sustained and the appeal dismissed,