Esca M. Denton v. Ira C. Denton.

JUSTICE OF THE PEACE. *Appeal. Bond. Insufficient penalty. Code* 1892, §§ 82, 91.

A bond given on appeal from the judgment of a justice of the peace to the circuit court, in a penalty less than the minimum sum required by law (code 1892, § 82), is not void, but may be amended, under code 1892, § 91, authorizing the perfecting of such bonds in the circuit court.

FROM the circuit court of second district, Coahoma county.
HON. F. A. MONTGOMERY, Judge.

Esca M. Denton, the appellant, was the plaintiff in the court below; Ira C. Denton, the appellee, was defendant there. The suit was begun in a justice's court, and was decided in the court of original jurisdiction for the defendant. The plaintiff undertook to appeal to the circuit court, and executed an appeal bond in the penalty of seventy-five dollars. Upon motion the circuit court dismissed the appeal from the justice's court because the appeal bond was in a penalty less than one hundred dollars, and the plaintiff appealed from the judgment of dismissal to the supreme court.

H. A. *Denton,* for appellant.

Although the bond made by appellant in his appeal from the justice's court was not on its face given for $100, the minimum amount required by § 82 of the code, it was legally binding upon appellant and his sureties for that or any other amount that might have been adjudged against him in the circuit court under our curative statute. Code 1892, § 946. Under this section the appeal bond herein secures to appellee all the rights contemplated by law, and it is therefore good even though it could not be amended. 1 Enc. Plead. & Prac., 991; *Coleman* v. *Rowe,* 4 Smed. & M., 747.

But if the bond is not good as above contended, it is clearly amendable under § 91, code 1892. This statute is remedial, and to be liberally construed. 1 Enc. Plead. & Prac., 994; *Gaddis* v. *Palmer,* 60 Miss., 758; *Leavenworth* v. *Crittenden,* 62 Miss., 573.

Where, under our code of 1880, an affidavit was required in appeals of this kind, an appeal would not be dismissed where an affidavit was not signed or dated, and where necessary words were omitted. *Weddell* v. *Seal,* 45 Miss., 726; *White* v. *Shumate,* 50 Miss., 130; *Green* v. *Boon,* 57 Miss., 617.

A bond executed by a single surety who was incapacitated, is amendable. Also where bond was signed in partnership name. *Boisseau* v. *Kahn,* 62 Miss., 757.

In other states it has been directly decided that appeal bonds given for less than the statutory amount are amendable. 1 Enc. Plead. & Prac., 995, and cases cited. Especially see 39 Texas, 164, and 42 Texas, 48.

*Lowrey & Perkins,* for appellee.

An appeal from the justice court to the circuit court is regulated by § 82, code 1892. This section requires a bond in double the amount of the judgment appealed from, and not in any case to be less than $100, to be given and approved within five days, etc.

It is well settled in this state that the time limit is a limitation on the jurisdiction of the circuit court. *Kramer* v. *Holster,* 55 Miss., 243. We can see no reason why the amount should not be a like limitation on jurisdiction. The one is as much required as the other. To hold a contrary rule would defeat the object of the statute. If the defeated party can appeal on a $75 bond, he can appeal on a $5 or $1 bond. This would enable parties defeated in the lower court who could not, or did not care to give a sufficient bond within five days, to give a bond nominal in amount, and thus stay the judgment until the circuit court, when he could give or fail to give, at his pleasure, a new bond in a proper amount. Such is evidently not the contemplation of the statute.

We do not believe that § 946, code 1892, can be so stretched as to make a $75 appeal bond good for $100. The only question is whether under § 91, code 1892, an amended or new bond should have been allowed. In the cases of *Gaddis* v. *Palmer,* 60 Miss., 758, and *Leavenworth* v. *Crittenden,* 62 Miss., 573, upon which the main reliance of appellant is put, the defects in the bonds were simply irregularities, and did not go to the validity of the bonds. We think the rule is, that if the bond is de-

fective it can be amended, but if it is void in the first instance it cannot be.

WHITFIELD, J., delivered the opinion of the court.

The appeal bond was defective merely, not void. The court should have allowed the amendment to be made. Anno. code of 1892, § 91, and authorities; Enc. Pl. & Pr., vol. 1, p. 995; 39 Texas, 164; 42 Texas, 48.

*Reversed and remanded.*