## Henrietta Radzinski v. Herman Fry.

### Gen. No. 11,254.

1. Injunction—*when does not lie to restrain collection of judgment at law.* Where, as the result of an attachment suit, the plaintiff therein has obtained judgment against a garnishee, one who claims he is entitled to the money held by such garnishee cannot maintain a bill for injunction to restrain the collection of such judgment, inasmuch as, if he was notified, as provided by statute, to appear and interplead in such attachment suit and did not do so, he is bound by such judgment, and if he was not so notified, his rights as against the garnishee are in nowise affected by the collection of the judgment so sought to be restrained.

Bill for injunction to restrain collection of judgment. Appeal from the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed July 17, 1903. Rehearing allowed October 13, 1903. Injunctional order reversed and opinion filed January 19, 1904. Rehearing denied February 13, 1904.

Newman, Northrup, Levinson & Becker, for appellant.

Allen & Wesemann, for appellee; William E. Hughes, of counsel.

Statement by the Court. This is an appeal from an order for an injunction granted upon a bill filed by appellee against appellant and the New York Life Insurance Company.

From the allegations of the bill it appears that to secure an indebtedness of $5,000, owed and still owing appellee by Frederick Franke, the latter and his wife delivered and assigned to him a policy on the life of said Frederick issued by said company upon which there has since become due the sum of $4,150; that appellant brought two attachment suits against said Frankes, in which the company was served as garnishee, and recovered a judgment by default in each suit for $2,520; that said garnishee in its answer in each suit admitted an indebtedness of $4,151.95 on account of said policy, and set up the assignment of the same to appellee; that on April 3, 1903, judgment was rendered against

the garnishee in each of said suits, ordering it to pay over to appellant the indebtedness admitted to be due upon the policy.

The bill further alleges that appellee has a valid and prior lien on the policy; that he had no notice of the judgments against said Frankes until long after the terms had passed at which they were rendered, and by reason thereof was precluded from setting up his claim to the sum due on the policy by interpleader or otherwise in said attachment suits, and that he is powerless to prevent in any legal proceeding the collection by appellant of said judgment against said company as garnishee.

An injunction issued, restraining appellant from collecting said judgment against the company and the company from paying it over to him. The company does not appeal nor complain of the judgment against it.

Mr. Justice Stein delivered the opinion of the court.

Sections 11 and 12 of the Garnishment Act (Ch. 62, Rev. Stat.) provide that the claimant of any goods, choses in action, credits or effects in the hands of a garnishee shall be permitted " to appear and maintain his right. If he does not voluntarily appear," he shall be notified. If he appears, " he may be admitted as a party to the suit  *  * · * and may allege and prove any facts not stated or denied by the garnishee, and such allegations shall be tried and determined in the manner hereinbefore provided. If such person shall fail to appear after having been served with notice in the manner directed, he shall nevertheless be concluded by the judgment in regard to his claim."

There was no occasion or necessity for the filing of this bill. Appellee has a complete and adequate remedy at law. Either he was a party to the attachment and garnishment proceeding mentioned in the bill, or he was not. If he was, or received notice as provided by Sec. 11 above cited, then he is bound by the judgment rendered against the garnishee. Stevens v. Dillman, 86 Ill. 233. If he was not, and received no notice (which is evidently the case sought

to be made by the bill), there is nothing to hinder him from suing the garnishee company and obtaining a judgment against it for the amount due on the policy assigned to him. Potzein v. Cox, 22 Tex. 62. In either case he cannot maintain this bill.

The injunctional order is reversed.

*Reversed.*