## DE LAVAL SEPARATOR CO. v. CUTTS.*

(Division B. March 22, 1926.)

[107 So. 522. No. 25560.]

1. JUSTICES OF THE PEACE. *Denial of motion to dismiss appeal for insufficient amount of bond, without amendment or leave, is error (Code 1906, section 83, amended by Laws 1912, chapter 203 [Hemingway's Code, section 63]).*

Bond on appeal from justice being less than required by Code 1906, section 83, amended by Laws 1912, chapter 203 (Hemingway's Code, section 63), denial of motion to dismiss, without amendment of bond on request made and allowed, was error.

2. APPEAL AND ERROR.

Question of trial errors not raised below may not be raised on appeal.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 689, n. 41; p. 742, n. 3; Justices of the Peace, 35CJ, p. 764, n. 53; p. 766, n. 76.

APPEAL from circuit court of Winston county.

HON. T. L. LAMB, Judge.

Action by the De Laval Separator Company against J. R. Cutts. From a judgment for defendant on appeal from justice court, plaintiff appeals. Reversed and remanded.

*R. W. Boydstun,* for appellant.

In the justice court there was a judgment for appellant in the sum of one hundred sixteen dollars and thirty-five cents. The appellee executed appeal bond in the sum of two hundred dollars. A timely motion was made to dismiss said appeal because the appeal bond was not in compliance with section 63, Hemingway's Code (section 83, Code of 1906), providing that an appeal bond from a judgment of a justice court shall be in double the amount of the judgment appealed from. The court summarily overruled the motion to dismiss and forced appellant to trial at once. We think the trial court could in its discretion have had appellee, defendant below, to amend his bond to comply with the statutes, but the trial court made no move towards having bond amended to comply with statutes.

*Z. A. Brantley,* for appellee.

The appeal bond of the appellee was properly approved by the presiding justice of the peace who tried the cause. We have investigated the record thoroughly and fail to find wherein the trial court committed error in the trial of said cause. We, therefore, submit the case upon the record and call the court's attention to the evidence introduced.

ANDERSON, J., delivered the opinion of the court.

Appellant, the De Laval Separator Company, brought this action in the court of a justice of the peace of Winston county against appellee, J. R. Cutts, on an open account. There was a judgment by default in that court, and an appeal therefrom by the appellee to the circuit court, in which there was a trial on the pleadings and evidence resulting in a verdict, and judgment over for appellee on a set-off filed by appellee for the first time in

the circuit court. From that judgment, appellant prosecutes this appeal.

The judgment in favor of appellant in the court of the justice of the peace, from which appellee appealed to the circuit court, was for the sum of one hundred sixteen dollars and thirty-five cents. Appellee, in prosecuting that appeal, gave a bond in the penalty of only two hundred dollars, instead of executing a bond in double the amount of the judgment appealed from and all costs accrued or likely to accrue in the case, as provided by section 83, Code of 1906 (chapter 203, Laws of 1912; Hemingway's Code, section 63). Upon that ground appellant made a motion to dismiss the appeal, which motion the circuit court overruled. This action of the court is assigned by appellant as error. The judgment was for one hundred sixteen dollars and thirty-five cents. It is therefore apparent at once that the appeal bond was insufficient, although such a bond in less than the minimum sum required by law is not void, and may be amended by leave of court. *Denton* v. *Denton*, 27 So. 383, 77 Miss. 375. Nevertheless, on motion to dismiss on that ground, unless the appellant shall ask leave of the court to give a bond in a sufficient amount, the motion should be sustained, and the appeal dismissed. No such leave was asked by appellee, as appears from the record. Appellant's motion to dismiss was simply overruled. This was error. The appeal should have been dismissed, unless appellee asked leave to give a sufficient bond.

As appears from the record, probably other errors were committed by the trial court; but they were questions not raised on the trial, and therefore cannot be raised here.

We find no error in the giving or refusing of instructions.

*Reversed and remanded.*