# SUPREME JUDICIAL COURT

FOR THE COUNTY OF

# PENOBSCOT.

## JUNE TERM,

### 1828.

---

## FISK & AL. *v.* WESTON & *trustee.*

If the trustee in a foreign attachment discloses an assignment of the debt to a third person, who thereupon is made a party to the suit, pursuant to the *Stat.* 1821, *ch.* 61 ;—the trustee is bound by the result of the ulterior litigation in that suit between the creditor and the assignee, in the same manner as they are, though he had no agency in making up the issue.

IN this case *John P. Boyd*, the trustee, disclosed that he was indebted to *Weston*, upon a contract for the building of a mill, and that he had accepted *Weston's* order to pay the balance, which might be due to him on the contract, to *Mark Trafton*. Hereupon *Trafton* was summoned to become a party to the suit, pursuant to the statute ; and an issue being formed to the jury to try the validity of this assignment of the debt to *Trafton*, it was found fraudulent and void.

*Gilman* and *Greenleaf,* for the trustee, still contended that he ought to be discharged, notwithstanding the verdict. It cannot estop *Boyd*, for he was no party to the issue ; he had no right to direct the making of it up, nor to cross examine the witnesses adduced. And without these rights, no party is estopped by a verdict and judgment. The

trustee is bound, at all events, to pay *Trafton* the amount of his acceptance, which is absolute. The only effect of the verdict is to estop *Trafton*, should the plaintiffs sue him as the trustee of *Weston,* from setting up the assignment as a bar.

*McGaw,* for the plaintiffs.

WESTON J. delivered the opinion of the Court.

As the law in relation to foreign attachment originally stood, the question whether trustee or not, was to be determined by the disclosure of the supposed trustee alone ; independent of any collateral inquiry whatever. Thus if he disclosed an assignment of the debt originally due from him to the principal defendant, to a third person, he could not be holden as trustee ; but was entitled to be discharged. This afforded facilities to debtors to defraud their creditors by putting, by means of fraudulent assignments, their goods and credits out of the reach of the process of law. To remedy this evil, it is provided by *Stat.* 1821. *ch.* 61. *sec.* 7. that whenever any person summoned as trustee of any debtor, shall, in his answers, disclose an assignment to another, of the goods, effects or credits of the principal in his hands, and the plaintiff in the suit shall object that the assignment ought not to have any effect to defeat his attachment, and the court shall think it just or convenient, they may, for the purpose of trying the validity and effect of the assignment, summon in the person so stated to be assignee, to become a party to the suit. And if upon such summons, the supposed assignee does not appear in person or by attorney, the assignment shall have no effect to defeat the plaintiff's attachment. And upon such assignee becoming a party to the suit, the validity of the assignment, or its effect on the case, shall be tried by the court or the jury ; as the case may require. The object of this section plainly is, to determine whether the assignment disclosed ought to prevail against an attaching creditor. As the rights of the assignee could not be affected or precluded by an action between other parties, he was called in and made a party, and a full opportunity given to him to be heard upon the question, in order that he might, without violating the principles of justice,

be bound by the decision. Had the trustee been compelled to litigate this question at his peril, he might have been twice charged. This course of proceeding therefore, was directed for his protection; as well as to benefit the attaching creditor. The validity of the assignment was the point to be determined. If the assignee, upon being notified that he may be received as a party, decline to avail himself of the privilege, it is expressly provided, that the assignment shall have no effect to defeat the plaintiff's attachment. Can it be pretended that if he do appear and become a party to the suit, and upon the trial of the question, the assignment is found to be fraudulent and invalid, that the plaintiff's attachment is nevertheless to be defeated, and the trustee to be discharged? So to adjudge, would be to disregard the manifest intention of this part of the statute, and to render its provisions idle and nugatory. Whether the supposed assignment is regarded as invalid by the default, or in consequence of its being found to be so upon trial, it is no where expressly provided that the trustee shall no longer be held answerable to the assignee. But this results necessarily from the proceedings, and their effect upon the assignee, who becomes, or may become, a party to the suit. And we entertain no doubt that these proceedings, properly pleaded, would be holden to be an effectual bar against any action, subsequently brought by the assignee against the trustee.

It is contended that the rights of the trustee ought not to be affected by a decision of this point, between the assignee and the attaching creditor. And they are not affected. He is a mere stakeholder. So long as he is in no danger of being twice charged, it is supposed to be a matter of indifference to him to which of the parties he is held liable.

In the case before us, the assignment disclosed having been found, upon the trial of the question, not to have been made in good faith, John P. Boyd must be adjudged to be the trustee of the principal defendant, according to his disclosure.