BALTHASER BORN, Plaintiff in Error, *v.* NICHOLAS STAADEN, Garnishee of Michael Hambrecht, Defendant in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

A person upon whom garnishee process has been served, cannot protect himself by answering, that whatever debt he owed, or might owe, the defendant, in the garnishee process, had been assigned. The good faith of the assignment must be made to appear.

The garnishee may take a rule upon the party for whose benefit an assignment is made, to make him show the genuineness of the transaction; which, if he fails to do, will defeat his recovery of the assigned debt.

THERE was an affidavit of plaintiff for garnishee process, sworn to and filed in the Superior Court of Chicago, on the 1st day of July, A. D. 1859, which sets forth that the plaintiff lately recovered a judgment in the Cook County Court of Common Pleas, against Michael Hambrecht, for the sum of $558.82, and $17.32 costs of suit.

That an execution had been issued on said judgment, and returned by the sheriff of Cook county, "no property found."

That said Michael Hambrecht has no property within deponent's knowledge, in his possession, liable to execution; that the deponent hath just reason to believe, and does believe, that one Nicholas Staaden is indebted to said Hambrecht, and hath effects in his hands belonging to said Hambrecht, and praying writ of garnishment against said Staaden.

That in pursuance of said affidavit, a garnishee summons was issued July 1st, 1859, which was forthwith served on said Staaden.

That plaintiff caused interrogatories to be filed for said Staaden to answer as garnishee aforesaid.

To which Staaden answered, substantially, as follows:

That garnishee did, on the 11th day of April, 1859, enter into a contract with said Hambrecht, to build him a house or store in the city of Chicago, whereby garnishee was to pay him $400 when roof on house, $345 when work entirely completed and accepted by architect, $300 three months after work accepted, and $300 six months after completion and acceptance of work; that Hambrecht was to do all the carpenter work of house, roofing and painting, and was to furnish lumber, glass, locks, etc.; that in fact, he was to do all the work on house, except mason work, plastering, and furnishing gas and water pipes, and iron posts for front of house; that building was to be completed by the 15th day of July; that for every day after that period that building remained uncompleted, Hambrecht was to forfeit two dollars.

That at time of service, said building was partially completed, the roof was on, some painting done; some, but not all, the windows were in; that he had then paid Hambrecht at least $600; that after service of process Hambrecht continued to work, with frequent intermissions, till date of answer; that house was not then completed, nor was it accepted by the architect; that it was impossible to state amount due on contract at time of service, or then, by reason of unfinished state of building, but garnishee was of opinion that the amount would be between $400 and $500.

Said garnishee also says, that he cannot state whether at the time of the service of garnishee process he had any moneys, credits, lands, tenements, goods, chattels, or effects, or property in his hands, or whether he was in any wise indebted to said Hambrecht or not.

He also says, that on the 13th day of September, 1859, he was served with notice of what purported to be an assignment of said contract by Hambrecht, to one August Lupsch; that said assignment purported to be acknowledged May 25th, 1859, before a justice of the peace.

That said garnishee did further answer—

1. That garnishee and said Hambrecht did enter into a contract in writing for building house mentioned in first answer herein—that it is dated April 11th, 1859, and that, exclusive of specifications and plans, it is in following words, (setting it out), which is substantially as stated in first answer, except that the contract does not, in fact, provide ·that Hambrecht shall forfeit $2 for every day house remains unfinished after July 15.

2. That at the time of service of garnishee process, he had paid Hambrecht $450 for lumber to put in building, and $126 in liquor, making, in the aggregate, $576; that at said time roof was on house, and most of the joists were up—but that he cannot state with certainty, or approximate to what was then done, or the relative portion done.

That since filing of first answer, he has; with his architect, made calculation of amount due on the 27th day of September, 1859. That amount then found to be due, by garnishee and architect, to Hambrecht on contract, and which is still due, is $613, from which he claims a deduction for delay in house not being completed by the time agreed on in contract. That after deducting amount of damage which he claims, there is still a balance due on contract, of $467, payable as by terms of contract.

Garnishee further states, that he owes Hambrecht in addition, and on a separate trade, $8, to be paid in liquor on demand, and $11 for extra work.

Also, that on the 4th day of October, 1859, suit was commenced in Superior Court of Chicago, in the name of said Hambrecht, for the use of August Lupsch, against said garnishee, for the recovery of money due on said contract.

That it was decided by architect that there was only $13.66 due October 14th, 1859, on contract, to Hambrecht—that another payment would become due December 23rd, 1859, and the last payment, March 23rd, 1860.

That afterwards, to wit, on the 22nd day of February, 1860, the said cause was submitted to the said court on answers, without intervention of jury, by agreement of parties, and the said court, upon consideration thereof, discharged garnishee, and judgment was rendered against plaintiff for costs.

S. A. IRVIN, for Plaintiff in Error.

MONROE & SPENCER, for Defendant in Error.

CATON, C. J. The garnishee admitted an indebtedness to the judgment debtor, of four hundred and sixty-seven dollars on the building contract, over and above his claim for damages for delay, and nineteen dollars on account of extra work and another transaction. A part of this was due at the time, and a part was to become due. We find nothing in the record, in the face of these admissions, to justify a judgment in favor of the garnishee. Indeed, it is admitted that as to nineteen dollars, judgment should have been entered against the garnishee. As to the balance due upon the building contract, the garnishee answered, that on the 13th September, 1859, he was served with what purported to be an assignment of the amount due on the building contract, from the judgment debtor to one Lupsch, which purported to have been dated on the 25th May, 1859. It must be borne in mind that the garnishee process was served on the 1st of July, 1859. Should we say that the statement or answer by the garnishee, that he had been served with notice of what purported to be an assignment of a debt, without any evidence, or even the expression of an opinion, that it was genuine, should be held sufficient to discharge the garnishee, we lay down a principle which will, or may, at least, defeat the purposes of the law in all cases. We appreciate that the subject is not without its embarrassments, as the statute now stands. We are not now prepared to say that a *bona fide* assignment of a debt, before the service of the garnishee process, may not defeat it, but it must be shown to be a *bona fide* assignment, upon a consideration passed. We can easily perceive the difficulty in which a garnishee may be placed, who is obliged to prove a *bona fide* assignment, in order to save himself from a

judgment in the garnishee proceeding, while he may not know or have the means of showing whether the assignment is genuine or not. We think we should be doing no violence to the spirit of the attachment law, to require the assignee to appear, upon notice by the garnishee, and establish the genuineness of the assignment; and if he will not do this, he should not be allowed subsequently to recover against the garnishee. We are prepared to say that it would be a good defense by the garnishee to an action in the name of his creditor for the use of the assignee, to show the judgment against the garnishee in the attachment proceeding, and that the assignee, upon reasonable notice, had neglected to appear and vindicate the *bona fides* of the assignment, and his sworn statement filed with it as a part of the garnishee's answer, would serve for the issue upon which that question could be tried. Such would be a convenient practice, and tend to promote and protect the rights of all parties. Without this, we must hold the assignment void as to the garnishee proceeding.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Judgment reversed.*