HENRY K. STEVENS

*v.*

ANDREW DILLMAN *et al.*

86   233
156   534
86   233
55a  540
86       233
111a  4646

1. FRAUDULENT CONVEYANCE — *from father to son.* Where a father, being indebted, transferred two promissory notes to a third person for his minor son, each for $1,000, and which were good notes, for the consideration of $500, and also conveyed his homestead to his son for the expressed consideration of $5,000, when it was worth $10,000, and only received $100 in hand, and took no mortgage or other security for the payment of the balance of the purchase money, and it appeared that the son had no means with which to make so extensive a purchase, it was *held,* that the transfers were fraudulent as to the creditors of the father.

2. GARNISHMENT — *garnishee liable if he surrenders notes after service.* If one holding notes, after service of garnishee process on him at the suit of a creditor, surrenders the same, he will do so at his peril, and if he does not show that the notes are not subject to the payment of the debt he will be liable for the amount due on the same when they are shown to be good.

3. SAME — *waiver of sufficiency of affidavit.* If an affidavit for garnishee process is insufficient, the garnishee should move to quash. If he does not, but answers on the merits, he will be considered as having waived the objection to the sufficiency of the affidavit.

4. SAME — *judgment, when a protection to garnishee.* Where one holding notes is garnisheed, and one claiming the same is notified of the proceeding, and thus made a party, the judgment against the garnishee will be conclusive on such claimant in any subsequent suit between him and the garnishee.

APPEAL from the Circuit Court of Will County; the Hon. JOSIAH McROBERTS, Judge, presiding,

Mr. GEORGE W. HOUSE and Mr. G. D. A. PARKS, for the appellant.

Mr. EGBERT PHELPS and Mr. BENJ. OLIN, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

At the January term, 1875, of the Will circuit court, the Will County National Bank of Joliet recovered a judgment for $5,154 against William A. Lord and Andrew Dillman. On this judgment executions were duly issued to the

234        STEVENS *v.* DILLMAN *et al.*        [Sept. T.

Opinion of the Court.

sheriffs of Cook and Will counties, and they were returned no property found. On April 21st, following, garnishee process was issued against and served upon Andrew H. Shreffner and Henry K. Stevens. Interrogatories were propounded and answers filed. A trial was had, and judgment was rendered in favor of Lord and Andrew Dillman, for the use of the bank, for $1,151.90, against Stevens, being the amount of one promissory note, and that he surrender another note, within thirty days, to the sheriff of Will county for the use of the bank. From that judgment Stevens alone appeals.

A jury was waived, and by consent of the parties a trial was had by the court. On the trial it appeared that Shreffner gave to Andrew Dillman his seven promissory notes, falling due at different times; that Dillman delivered the two first falling due, and for $1,000 each, indorsed in blank, to Stevens to hold, saying to him, at the time, that they belonged to his son, Ward S. Dillman; that Stevens had these notes in his possession when he was served with garnishee process; that afterwards, and before the trial, under the directions of Ward S. Dillman, he delivered one of these notes to H. B. Scutt, as is claimed, to pay for an interest in the business of the firm of which Scutt was a partner. Ward and his father claim that no more than $500 was ever paid or to be paid for these two notes, and the father testified that he had no reason to believe they would not be paid.

Again, the father conveyed, a few days after the time it is claimed the notes were sold, to Ward his homestead for $5,000, when it was worth $10,000, and only received $100 in hand, and does not seem to have taken a mortgage on the property, or other security, for the balance of the purchase money; that the father looked after Ward's interest in the business of the firm; that Ward had, on coming of age, but $150, and is not shown to have acquired other means afterwards, so as to have been able to make such extensive purchases. But, even if it had appeared, the

evidence, all considered, produces conviction that these sales were but colorable, and intended to hinder and delay creditors. It is wholly improbable that a man unembarrassed would sell good notes for one-fourth of their face, and his homestead for one-half its value, and receive but $100, or but one per cent of its value, and take no security for the balance. But when he is embarrassed, and makes such sales to a son wholly unable to pay, at least for the house, and the possession does not change, and the son still resides with the father, we are compelled to conclude that these sales were fraudulent, and that the evidence fully sustains the finding of the court.

Stevens held these notes when garnishee process was served on him; and he must have known that it was to reach these notes that he was served. And he should have also known that it was his duty to hold them until the title thereto was determined. The very fact that he was served with process put him on his guard, and he afterwards acted at his peril in surrendering the note to Ward, or in delivering it to Scutt under his directions. When he did so he undertook to prove that the note belonged to Ward. This he attempted, but in it he failed; and, failing in that, he must be held liable for the value of the note.

It is urged that the evidence fails to prove the note was worth its face and accrued interest. Andrew Dillman testified that he had no reason to believe that it would not be paid. This was clearly evidence warranting the inference that it was worth its face and accrued interest, the amount for which the judgment was rendered.

Some exceptions are taken to the sufficiency of the affidavit upon which the garnishee summons was issued. The objections are exceedingly technical, and, if they do exist, they were waived by answering and submitting to the jurisdiction of the court. They should have been urged on a motion to quash, and can not be raised, for the first time, in this court.

It is, however, said that should Ward S. Dillman sue

Stevens for the note he could not set this judgment up as a defense under the case made by the affidavit. We can perceive no reason why it could not be. The note is described by the answer, and Ward was notified to appear and defend his rights, and was thus made a party to the record, and is bound and concluded by the judgment. No reason is shown why he should not be concluded by the judgment, and he fails to appeal.

We fail to find any error in this record requiring the reversal of the judgment, and it must be affirmed.

*Judgment affirmed.*