Sheldon v. Hinton.

---

C. L. SHELDON ET AL.

v.

WILLIAM HINTON, use, etc.

1. GARNISHMENT—PARTIES ON APPEAL.—Where, in garnishment proceedings, the fund in the hands of the person summoned as garnishee is claimed by a third person, the statute makes provision that such third person may become a party to the garnishment suit, and it appearing in this case that the claimant did appear, though informally, and was recognized as a party in the cause, and his rights adjudicated, he is a party in such sense as entitles him to have the record reviewed on appeal.

2. ASSIGNMENT OF JUDGMENT—BONA FIDES—RULE OF EVIDENCE.—
Appellant, upon trial of the person summoned as garnishee, offered in evi-
dence an assignment by the judgment creditor to him of the judgment sought
to be reached by the garnishee process.     The assignment bore a date prior
to the garnishee process, purported to have been made upon a sufficient con-
sideration, was properly executed, and was admitted in evidence without ob-
jection. *Held*, that fraud will not be presumed, and the burden of im-
peaching the good faith or validity of the assignment was upon the party as-
serting its invalidity.

APPEAL from the Circuit Court of Lee county; the Hon.
WILLIAM BROWN, Judge, presiding.    Opinion filed March 29,
1880.

Mr. WILLIAM BARGE and Mr. C. L. SHELDON, for appellants;
that an attaching creditor can have no greater rights than his
judgment debtor, cited G. & C. U. R. R. Co. v. Menzies, 26
Ill. 121; Carr v. Waugh, 28 Ill. 418.

In equity all contracts may be assigned: Morris v. Cheney,
51 Ill. 451; Chapman v. Shattuck, 3 Gilm. 49.

As to the right of the assignee to be protected from a subse-
quent attachment against the assignor: Drake on attachment,
§ 608; Dix v. Cobb, 4 Mass. 508; Stevens v. Stevens, 1 Ash.
190; Pellman v. Heart, 1 Pa. St. 263; Crayton v. Clark, 11
Ala. 787; Smith v. Sterritt, 24 Mo. 260; Walters v. Wash.
Ins. Co. 11 Iowa, 404; Neuir v. Schenck, 3 Hill 228.

The burden of proof was upon the party impeaching the as-
signment: Brown v. Beed, 20 Johns. 338; Watson v. Blaine,
12 Serg. & R. 131; Clapp v. Tirrell, 20 Pick. 247; Meeker v.
Meeker, 16 Conn. 383; Beach v. Packard, 10 Vt. 96; Bur-
bank v. Gould, 15 Me. 118; Benjamin v. McConnell, 4 Gilm.
545; Evans v. Edwards, 26 Ill. 279; Stone v. Duvall, 77
Ill. 475.

Recital of payment of consideration is *prima facie* evidence
of payment: Wilkinson v. Scott, 17 Mass. 249; Tyler v. Carl-
ton, 7 Greenl. 175; Beach v. Packard, 10 Vt. 96; Morse v.
Shattuck, 4 N. H. 229; Belden v. Seymour, 8 Conn. 304;
Shepherd v. Little, 14 Johns. 210; Brown v. Bell, 20 Johns.
338; Whitbeck v. Whitbeck, 9 Cow. 266; McCrea v. Purmost,
16 Wend. 460; Weighy v. Weir, 7 Serg. & R. 311; Hayden v.

Thomas, 1 Har. & G. 139; Harney v. Alexander, 1 Rand, 219; Curry v. Lyles, 2 Hill (S. C.), 404; Mead v. Stiger, 5 Porter, 498; Jones v. Ward, 10 Yerg. 160; Hutchinson v. Sinclair, 7 Mon. 291.

Such recital has been held conclusive: Brocket v. Foscue, 1 Hanks 64; Spears v. Clay, 4 Hawks, 22; Shilly v. Wright, Willes 9; Cosseurs v. Cosseurs, Willes 25; Rountree v. Jacob, 2 Taunt. 141; Lampin v. Clarke, 5 B. & Ald. 606; Baker v. Dewey, 1 B. & C. 704.

A person claiming under one who is bound by an estoppel, is himself estopped: 3 Washburne on Real Property, 110; Phelps v. Blount, 2 Dev. 177; Douglass v. Scott, 5 Ohio, 199; Wark v. Willard, 13 N. H. 389; Mople v. Kussart, 53 Pa. St. 351; 2 Smith's Lead. Cas. 589; Kinsman v. Loomis, 11 Ohio, 478; Moore v. Aldrich, 19 Pick. 449; Whitman v. Gibson, 9 Sine. 196.

Fraud is not presumed: Hatch v. Jordan, 74 Ill. 414; Willhemi v. Haffner, 52 Ill. 222.

Messrs. DIXON & BETHIA, for appellee; that though an assignment before garnishment may be good, yet the assignee may be required to show the genuineness and good faith of the assignment, cited Born v. Staaden, 24 Ill. 322; Drake on Attachment, § 523; Freeman on Executions, § 170.

Recitals are not even *prima facie* evidence of payment as against one not a party to the instrument: 1 Greenl. Ev. § 212; 2 Wharton's Ev. § 1040; Shotwell v. Harrison, 22 Mich. 418; Lloyd v. Lynch, 28 Pa. St. 419; Foster v. Beals, 29 N. Y. 247.

Proof should have been made of good faith and payment of valuable consideration: Brown v. Welch, 18 Ill. 343; Moshier v. Knox College, 32 Ill. 155; Clement v. Moore, 6 Wall, 299.

The fact that the assignment was under seal adds no force to it: Bigelow on Estoppel, 283.

BAILEY, P. J. This was a proceeding by garnishment, commenced before a justice of the peace of Lee county, by George L. Schuler, a judgment creditor of William Hinton, against

Charles E. Mouseau, as garnishee, to subject to the payment of his judgment certain indebtedness from said Mouseau to said Hinton.   On appeal to the circuit court of said county, a trial was had, resulting in a judgment against said garnishee for the sum of $30.   By stipulation of the parties, the record has been brought to this court for review.

It appears from the evidence, that prior to the commencement of this proceeding, Schuler, the garnishing creditor, had recovered a judgment against said Hinton before a justice of the peace, for $88.47 and costs, and that execution thereon had been returned unsatisfied.   Hinton had in like manner recovered a judgment against Mouseau for $70 and costs, and Mouseau had recovered a judgment against Hinton for $40 and costs.   Mouseau claimed the right to set off his judgment for $40 against Hinton's judgment, and admitted that there was due from him a balance of $30.   The foregoing facts having been proved, there was produced and read in evidence an assignment by said Hinton, of his said judgment against Mouseau to Sheldon, the appellant.   Said assignment was executed under the hand and seal of Hinton, and was dated nearly one year prior to the commencement of the garnishee proceedings, and several months prior to the recovery by Mouseau of his judgment for $40 against Hinton.   The body of the instrument, after describing the judgment assigned, is as follows:

" In consideration of seventy dollars to me paid, I do hereby sell, assign and transfer to C. L. Sheldon, the judgment above mentioned, for his use and benefit, hereby authorizing him to collect and enforce payment thereof in my name or otherwise, but at his own costs and charges, and covenanting that the sum of seventy dollars, with the interest from the 13th day of February, A. D. 1878, besides the costs, is due thereon."

No evidence as to the consideration or circumstances of the assignment, beyond what appears upon the face of the instrument, was introduced by the defendant, nor was any evidence offered by the plaintiff tending to impeach said consideration or to impugn the good faith of the parties to the transaction. The record recites that upon this evidence, the court found the issues in favor of the plaintiff and against both Mouseau, the

garnishee, and Sheldon, the assignee of Hinton.    The appeal to this court is brought by Sheldon.

The appellee, before joining in error, submitted a motion to dismiss the appeal, on the ground that the appellant is not a party to the suit.    The statute under which Sheldon claims the right to be admitted as a party is as follows:

" If it appears that any goods, chattels, choses in action, credits or effects in the hands of the garnishee are claimed by any other person, by force of an assignment from the defendant, or otherwise, the court or justice of the peace shall permit such claimant to appear and maintain his right.    If he does not voluntarily appear, notice for that purpose shall be issued and served on him in such manner as the court or justice shall direct.    If such claimant appears, he may be admitted as a party to the suit, so far as respects his title to the property in question, and may allege and prove any facts not stated nor denied by the garnishee, and such allegations shall be tried and determined in the manner hereinbefore provided. If such person shall fail to appear after having been served with notice in the manner directed, he shall nevertheless be concluded by the judgment in regard to his claim."    Rev. Stat. Chap. 62, §§ 11, 12.

The record, it is true, contains no formal order admitting Sheldon as a party to the suit, nor does it show that he was expressly notified to appear, or that he made formal application to be admitted as a party.    It does show, however, that he was in court at the time of the trial, acting as one of the counsel for Hinton, and that he was called as a witness to prove the execution of the assignment.    The bill of exceptions, moreover, recites that the court found the issues against him personally; that he thereupon entered a motion in his own behalf for a new trial; that said motion was entertained by the court and overruled, and that he duly excepted to such decision.    It also appears that against his objection and exception, judgment was entered in favor of Hinton for the use of Schuler against Mouseau for $30.

While the record, so far as it applies to Sheldon, is informal, it is clear that he was treated as a party to the suit.    The court

Sheldon v. Hinton.

manifestly assumed to adjudicate upon his rights, and by appearing and taking steps in the case, he submitted to its jurisdiction.   It should be remembered that as the cause orginated before a justice of the peace, no written pleadings were required, and, therefore, it was not essential that his allegations should be made matter of record.   As the court received evidence of the assignment and passed upon issues to which Sheldon was a party, it will be presumed that the necessary allegations setting up his rights under the assignment were made.   It cannot be doubted that the record as it stands, so long as it remains in force, will operate as a conclusive bar to his rights, and he must therefore be held to be a party to the suit in such sense as entitles him to have the record reviewed on appeal.

Were we forced to the conclusion that Sheldon was not a party to the suit, it would seem that the judgment would be erroneous for that very reason.   The assignment to him being proved, it thereby became the duty of the court, in obedience to the mandate of the statute, before disposing of the case, to notify the assignee to appear for the purpose of having his rights litigated.   In the absence of such notice, or of the voluntary appearance of the assignee, the proceedings would be defective and erroneous for want of proper parties.

The errors assigned by Sheldon call in question the finding of the court upon the issues involving his rights to the Hinton judgment.   It is alleged that such finding was contrary to the evidence.

The doctrine is well settled that in garnishee proceedings, which are proceedings of an equitable character, courts of law will notice and protect the interests of the equitable owners of choses in action.   Hodson et al. v. McConnell, 12 Ill. 170. Especially is this true under the provisions of our present statute in relation to garnishment.   Whenever it appears that a chose in action, sought to be reached by such a proceeding, is claimed by any person under an assignment from the principal debtor, it is now made the duty of the court to bring such assignee before it by proper process, so that his rights may be investigated, and if found valid, maintained.   These provisions do not occur in any previous revision of our statutes, although

the Supreme Court, before their incorporation into the garnishment act, repeatedly suggested the propriety, in cases of this character, of notifying the assignee to appear and defend his title. Born v. Staaden, 24 Ill. 320; Wilhelmi v. Haffner, 52 Id. 222.

The decision of the present case, then, must turn upon the sufficiency of the proof of Sheldon's equitable title to the judgment covered by the assignment. It appears that said assignment, after its execution had been duly proved, was read in evidence without objection, and that no further proof was offered by either party in relation thereto. The case then stands upon such evidence as the instrument furnishes upon its face. We have already seen that it purports to have been executed nearly one year prior to the date of the garnishee summons; that it acknowledges the receipt of a sufficient consideration; that it was executed under the hand and seal of Hinton, and that there is nothing upon its face either impeaching the consideration, or throwing suspicion upon the good faith of the transaction.

Counsel for the appellee insists that before the assignment could be made available as against the process of garnishment, it was incumbent upon Sheldon to show by proof *aliunde* that it was obtained by him in good faith, and upon a sufficient consideration. This view, we think, can be sustained neither upon principle nor authority. The law is well settled, that fraud will not be presumed, but that the burden of proving it is upon him who asserts it. The view insisted upon, however, would seem to be that an assignment of a chose in action, although fair upon its face, and purporting to be upon a sufficient consideration, is, as to creditors, presumptively fraudulent.

This precise question arose in Dix v. Cobb, 4 Mass. 504. In that case an open account due the principal debtor was sought to be reached by garnishment. The garnishee, in his answer, set up a previous assignment of the account by the principal debtor, and annexed a copy of the assignment and made the same a part of the answer. Said assignment was under seal, and recited a sufficient consideration, and author-

Sheldon v. Hinton.

ized the assignee to demand and sue for the account so assigned. It being objected that there was no sufficient evidence of a valuable and adequate consideration, Parsons, C. J. said: "The assignment in this case *may* be fraudulent, but on its face it appears to be regular, and for a valuable consideration, and we cannot presume fraud."

Mr. Drake, in his Treatise on the Law of Attachment, § 615, says : "In the case of the transfer of the evidences of debt, where the assignee undertakes to assert title through such transfer, the good faith of the transaction may, of course, be the subject of inquiry, and must be shown, if sufficient evidence be presented to cast suspicion upon it. The assignee will, in such case, be entitled, in the first instance, to the benefit of all presumptions in his favor, but those presumptions may be overthrown by proof, as in any other transaction."

We are referred to the case of Born v. Staaden, 24 Ill. 320, as establishing a different doctrine. In that case, the assignee of the indebtedness was not before the court, nor was the assignment itself produced, nor any evidence given of its execution, or its terms. The garnishee, in his answer, merely stated that he had been served with notice of what purported to be an assignment of the debt. The court decided that a mere averment or suggestion by the garnishee in his answer of such assignment, unaccompanied by any evidence or even an expression of opinion as to its genuineness, was not sufficient to discharge the garnishee, and that to hold otherwise might in all cases defeat the purposes of the law. The court, after reaching this conclusion, offered the suggestion, that it would be doing no violence to the spirit of the attachment law, and would be a convenient practice, to require the assignee to appear and establish the genuineness of his assignment. The question as to what evidence would be sufficient for that purpose did not arise in the case, nor did the court attempt to express any opinion upon it.

The case of Wilhelmi v. Haffner, 52 Ill. 222, is more nearly in point. There the subject of the garnishment was a promissory note, and the garnishee, after admitting in his answer, that he had given said note to the defendant in the attachment,

averred that said defendant told him that he had sold the note before the service of the writ, and that since said service, the note had been presented for payment by another party. The answer not being excepted to or controverted, it was held that the garnishee was properly discharged. In the opinion the court say: "If the transfer of the note was not in good faith, it was for the plaintiff to show that fact by proper proof."

It is urged, however, that the recital of a consideration in the assignment, though binding on the assignor, is no evidence of a consideration as against one not a party to the instrument. While this may be true as a general proposition, it manifestly can have no application to cases of garnishment. It is a well settled principle, that an attaching creditor can acquire, through his attachment, no higher or better rights to the property or assets attached, than the defendant had when the attachment took place, unless he can show some fraud or collusion by which his rights are impaired. Drake on Attachments, § 223; Samuel v. Agnew, 80 Ill. 553; Coble v. Nonemaker, 78 Penn. St. 501; Noble v. Thompson Oil Co. 79 Id. 354. In Dix v. Cobb, 4 Mass. 508, the court say: "An attaching creditor cannot stand on a better footing than his debtor, if the assignment be not fraudulent as to creditors, and if he attaches any property of his debtor, it must be attached subject to all lawfully existing liens created by his debtor." In McDermott v. Donegan, 44 Mo. 85, it is held that a garnishing creditor only succeeds to the rights of his debtor, and whatever will defeat the latter in a suit in his own favor to recover the debt, will also be fatal to a recovery in the proceeding by garnishment.

The rule then is that, in the absence of fraud, the attachment or garnishing creditor merely takes the place of his debtor, so that whatever is competent evidence as against the latter, is equally so as against the former. There being in the present case no evidence of fraud, we are clearly of the opinion that the assignment offered in evidence, established a complete equitable title to the judgment in controversy in Sheldon, and that the issues should have been found in his favor, and the garnishee discharged. The finding of the court being against the evidence, the judgment must be reversed.

　　　　　　　　　　　　　　Judgment reversed.