PROVIDENCE INSTITUTION FOR SAVINGS *vs.* ANSON M. BARR *et als.*

When, under Pub. Laws R. I. cap. 433, of May 2, 1884, a claimant of garnished personalty becomes a party to the action in which the garnishment was made, final judgment in that action concludes the rights of the parties to the action as to their title to the personalty.

Hence, after such final judgment, the garnishee cannot maintain a bill of interpleader against parties to such action.

In equity, double pleas may be allowed by the court when they do not involve diverse issues.

BILL OF INTERPLEADER.    On plea set down for hearing.

*July* 19, 1890.    STINESS, J.   The bill sets out that the complainant, having a deposit of $153 to the credit of " Sabrina Barr or Byron H. Spencer, or the survivor of them," was served with trustee process, November 14, 1887, in a suit brought by the respondent Carpenter against said Spencer, in the district court of the sixth judicial district; that it made affidavit as such trustee, setting out the deposit as aforesaid; that, on appeal to the Court of Common Pleas, final judgment was rendered, July 6, 1889, against said Spencer for seventy dollars debt, and costs taxed at twenty-four dollars and fifty-five cents, the complainant being charged as trustee to the amount of the judgment; that the respondent Carpenter, plaintiff in said suit, claims said amount under said judgment; that Sabrina Barr also claims the whole deposit as her own, and holds the bank-book issued therefor; that she has brought an action at law against the complainant in the district court for the amount of the deposit; also that Spencer claims so much of the deposit as is not covered by the attachment. The respondent, Carpenter, files a plea setting up that the complainant has an adequate remedy at law, because under Pub. Laws R. I. cap. 433,[1] of May 2, 1884, said Sabrina Barr became a party to the action of *Carpenter* v. *Spencer*, wherein the complainant was charged as trustee of said Spencer, and took no exception to the ruling of said court, whereby the judgment became final. These facts present the plain case where all the parties in interest were parties to the suit at law in which, so far at least as the re-

---

[1] Cap. 433, §§ 1–3 are as follows : —

SECT. 1.   Whenever the personal estate of any defendant is attached on trustee process, any person claiming said personal estate, under an assignment or otherwise, may, on his own motion, become a party to the action so far as respects the title to said personal estate.

SECT. 2.   The answer, sworn to by a trustee, shall be considered true in deciding how far said trustee is chargeable ; but either party to the suit, or any claimant of the estate so attached, may allege and prove any facts not stated nor denied by said trustee that may be material in so deciding.

SECT. 3.   Any question of fact arising upon such additional allegations may be tried and determined by the court or justice, and in the Court of Common Pleas and in the Supreme Court the same may be submitted to a jury in such manner as the court shall direct.

spondent Carpenter is concerned, the rights of the several parties were determined upon the same facts as now presented. The evident purpose of the statute referred to is, to enable parties in interest to determine conflicting claims to a fund in one suit. Before the statute, one was liable to be charged as trustee of a defendant, and still liable to a suit by another who claimed the same fund. Although he might have a remedy by interpleader, it was a somewhat cumbrous remedy, and the common desire for a more speedy settlement no doubt suggested the propriety of enabling the parties, where the facts set forth in a garnishee's affidavit are not disputed, to intervene and submit their several claims at once to the court for adjudication, when a conflict should arise. At all events, this has been done. The claimant of a fund, under foreign attachment, has the right to become, and does become, a party to the suit on his own motion. Being a party, he is as much bound by the adjudication as the defendant in the suit; and thus the garnishee is protected as against both. The statute is not adapted to a case of facts in dispute of the affidavit, since that would involve the trial of one suit inside of another; but where the issue is simply whether the garnishee, as a matter of law, should be charged as trustee for the defendant in a given state of facts, all the ends of a bill of interpleader are accomplished to the extent of the attachment, and this, we think, was the intention of the statute. Garnishment and interpleader were formerly closely allied, substantially as provided for by this statute. 2 Story Eq. Juris. cap. 20. The adjudication in such a case is effective as an estoppel between the parties. It has been so held in *Stevens* v. *Dillman*, 86 Ill. 233; *Fisk* v. *Weston*, 5 Me. 410; *Born* v. *Staaden*, 24 Ill. 320. See, also, *Cottle* v. *American Screw Co.* 13 R. I. 627.

It appears by the plea that Mrs. Barr filed a petition, in the Court of Common Pleas, to be heard on the question of ownership of the fund, and that said petition was denied, but no exception was taken to the ruling. Doubtless the so-called ruling was rather an expression of opinion by the court that evidence about the circumstances of the deposit would not affect the decision that Spencer had an attachable interest therein, whereupon no further steps were taken; but, however this may have been, this court has

already decided in *Barr* v. *Carpenter*, 16 R. I. 724, that Mrs. Barr, being a party to the suit and entitled to be heard, could only correct the alleged error upon exceptions, and, failing to do so, she is bound by the judgment. The facts set up in the plea, therefore, show there is no ground for interpleader. The question at issue has already been before a court having jurisdiction of the matter and of the parties, and has become *res adjudicata*. *Almy* v. *Daniels*, 15 R. I. 312.

Objection is made to the plea upon the ground that it is double. The plea sets up other matters in bar than the one we have considered, but this is not necessarily fatal. Double pleading is sometimes allowed, where it does not lead to diverse issues. In *Fox* v. *Yates*, 24 Beav. 271, a single plea of three outlawries was allowed. In *Saunders* v. *Druce*, 3 Drewry, 140, denial of refusal to account, with a letter in support thereof, and also denial of collusion, were allowed against the objection of duplicity. Here the first and single issue is the question of interpleader, to which we think the plea sets up a sufficient bar.

*James Tillinghast & Theodore F. Tillinghast*, for complainant.

*Charles H. Page & Franklin P. Owen*, for respondents, Anson M. Barr and Sabrina Barr.

*Benjamin W. Smith*, for respondent, Phanuel B. Carpenter.