85    305
e101   299

## Samuel Williams, use of, etc., v. West Chicago St. R. R. Co. and R. M. Wing.

1. Assignment—*Delivery is Essential.*—An assignment of a judgment is not valid and enforceable as against third parties without a delivery of the assignment to the assignee, or to some one authorized by him to accept it.

**Garnishment and Interpleader.**—Appeal from the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded, with directions. Opinion filed October 27, 1899.

**Statement.**—Appellant, having obtained a judgment against Samuel Williams for the sum of $197.84, caused a garnishee summons to be issued by a justice of the peace and served upon the appellee railroad company October 27, 1897. The railroad company answered, stating that it was not indebted to said Williams, other than by virtue of a judgment rendered against it and in favor of said Williams October 26, 1897, for the sum $3,000; that it had also been served as garnishee with a writ issued out of the Circuit Court of Cook County, in which the amount claimed was $1,814.86, and that October 28, 1897, it received notice of an assignment of said judgment to the appellee Wing. The appellee Wing, as an interpleader, filed his verified plea, stating that said judgment for $3,000 and the money due thereon were his. In the justice court a judgment was entered in favor of appellant, from which an appeal was taken to the Circuit Court by said interpleader.

Upon the trial in the Circuit Court it also appeared that Howard E. Leach, a law partner of said Wing, prepared said assignment to said Wing, and at the same time also prepared an assignment, which by its terms assigns a one-half interest in said judgment for $3,000 to George S. Williams (who is a son of said Samuel Williams); that said Samuel Williams executed and acknowledged both of said assignments at the same time, and also at the same time gave

them both to said Leach; that said George S. Williams was not present at the time said assignment to him was prepared, or when it was executed, or when it was given to said Leach, and that it remained in the possession of said Leach up to the time of the trial of this cause in the Circuit Court. It does not appear that said George had any knowledge of the execution of the assignment to him, or that he knew said Leach had such assignment in his possession, or that he ever authorized said Leach to accept the same for him. It does not appear that said George ever heard that such an assignment was to be or had been made. The Circuit Court found the issues in favor of said Wing, and that he was the owner of all the moneys in the hands of said garnishee, and entered judgment accordingly.

FRED H. ATWOOD and FRANK B. PEASE, attorneys for appellant.

WING & CHADBOURNE, attorneys for appellees.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

Upon the trial of this cause it appeared that an agreement was made between said Samuel Williams and the firm Wing, Chadbourne & Leach, wherein it was provided that said firm should receive one-half of the amount recovered in the suit in which said judgment for $3,000 was entered, as compensation for their legal services therein. Neither said Wing nor his firm have any interest in said judgment or the assignment thereof, to said Wing, except to secure to said firm said undivided one-half thereof. They do not claim anything more for themselves.

Mr. Wing testified that the morning said assignment to him was made, and at an interview between Samuel Williams, Mr. Leach and himself, he said to Mr. Leach, "Make out an assignment from Williams of that whole judgment to me, and half of it will be for our firm and the other half I will hold for George."

Samuel Williams says that he owed his son George "pretty

near $1,800," and that he " agreed with George S. Williams before the case was tried to give him half of it." George S. Williams says that October 26, 1897, his father owed him $1,800. He makes no statement whatever as to the judgment or any assignment thereof, or when, if at any time, he had any knowledge of any such assignment, or that he claimed anything under it. He does not appear or interplead, and is not before the court except as a witness.

If, therefore, the judgment in this case be affirmed, it must be upon the strength of the assignment to Mr. Wing. But he says that neither he nor his firm are entitled to or claim anything more, in his or their own right, than one-half thereof.

Said assignments must be construed together. Assuming, for the purposes of this case, that as to one-half of said judgment the assignment thereof to said Wing is valid, there remains the other one-half, and of this there are two assignments. It was evidently the intention of said Samuel Williams, at the time he executed said assignments, to assign to his son George all that remained of said judgment after the receipt by said Wing, Chadbourn & Leach of the amount due them. This appears from the fact that in the assignment to George S. Williams is this statement, viz.: " This assignment is subject and secondary to an assignment this day made of the said judgment to R. M. Wing."

Mr. Wing must have so understood it at the time, because in his notice to the railroad company, served October 28, 1897, is this statement, viz.:

" You will further take notice that said assignment was taken by me to secure an undivided half interest in said judgment, which is due me for legal services in obtaining said judgment, and to secure me for any money it may be necessary for me to advance, in the event of further litigation on appeal from such judgment, or otherwise, and that the balance of said judgment is held by me in trust for George S. Williams, in pursuance of an assignment of an undivided half interest in said judgment, made on said October 26, 1897, by said Samuel Williams to said George S. Williams."

That notice was prepared within two days of the time that said assignments were made, while the facts were fresh in mind. By that it appears that although the whole of said judgment was assigned to said Wing, not only to secure the one-half thereof claimed to be due for legal services, but to secure the repayment of any money that it might be necessary to advance in case of an appeal from such judgment, or otherwise, said notice also says that the balance of said judgment—not one-half thereof—is held in trust for George S. Williams, "in pursuance of" the assignment to him. It was undoubtedly the purpose of the parties to secure to said Wing, or through him to his said firm, one-half of said judgment, and any money which might be advanced as indicated, and said assignment to Mr. Wing of the whole of said judgment was in the nature of a pledge for that purpose. If no assignment of "the balance" had been made to George and the claims of no other parties had intervened, then Mr. Wing would have had to pay such balance to Samuel Williams. It was to secure to George this balance that the assignment to him was made. That was made "subject and secondary" to the Wing assignment, because it was then uncertain what amount might be due to said Wing (or his firm) if said cause should be appealed. But whatever that balance might be, Mr. Wing no doubt stated the rights of the parties correctly when he said to the railroad company in his notice that he held such balance in trust to be paid to said George, "in pursuance of" said assignment to said George.

Mr. Wing is not entitled to retain such balance in his own right or for his said firm. He does not claim that he is. Who, then, is entitled to such balance? Said George S. Williams is not here claiming it. No one in this case represents him claiming under assignment to him. Under the facts, as they appear in this record, said assignment to him is not a valid and enforceable assignment as against third parties. To make it valid it must have been delivered to him or to some one authorized by him to accept it. There was no such delivery. Mr. Wing's trust is to pay or deliver

said balance " in pursuance of " this assignment.    As this is not a valid assignment, said balance is, in law, the property of said Samuel Williams, subject to garnishment in the interest of his judgment creditors.

Attorneys for appellant submitted to the trial court this proposition, which was held to be the law by that court, viz.:

" First.    The court holds, as a proposition of law in this case, that the delivery of an assignment of judgment to the assignee thereof is essential to its validity, and that the assignment of judgment from Samuel Williams to George S. Williams, offered in evidence in this case, gave said George S. Williams no right or interest in said judgment as against the plaintiffs, Walter Shoemaker and Charles D. Bull."

But as appellee Wing held the balance in his hands " in trust for George S. Williams, in pursuance of " said assignment to said George, it was error to hold that said Wing " was the owner of the moneys held by and in the hands of the garnishee."

There is no evidence tending to sustain the statement in the answer of the railroad company, that it had been served with any garnishee summons other than the one in this case.

The judgment of the Circuit Court is affirmed, except as to the claim of appellant, and as to that claim said judgment is reversed and said cause remanded.    Said Circuit Court will enter judgment in said cause in favor of appellant Samuel Williams, for the use of said Shoemaker and said Bull, and against said railroad company as garnishee. Such judgment so to be entered shall be for the amount due to said Shoemaker and Bull at the time of the entry thereof, upon their judgment against said Samuel Williams, including interest and costs.

Affirmed in part, and reversed and remanded in part, with directions.