**Samuel Williams, use of, etc., v. West Chicago St. R. R. Co., et al.**

1. JUDGMENTS—*Assignment of, Before Actually Rendered.*—An assignment of a judgment before it is actually rendered as between the parties must be regarded as a valid agreement, in effect that the judgment when entered shall be transferred to the assignee upon the terms and conditions specified in the assignment or agreement.

2.  ASSIGNMENTS—*Distinction Between an Assignment of an Interest in a Verdict and a Transfer of the Judgment Itself.*—There is a distinction between an assignment purporting to convey a mere claim, or an interest in a verdict and a transfer of the judgment itself; and the mere fact that the assignment was·prepared and executed in anticipation of the judgment can not affect its validity.  Such an assignment conveys not only a mere right to litigate but the result of the litigation itself.

3.  SAME—*Assignments in Courts of Equity.*—Courts of equity support assignments not only of choses in action, but also of things which have no present, actual or potential existence, but rest in possibility only. In respect to the latter, it is true that the assignment can have no positive operation to transfer *in presenti*, property or things not *in esse;*·but it operates by way of a present contract, to take effect and attach to the things assigned when and as they come *in esse*, and it may be enforced as such contract *in rem*, in equity.

4.  GARNISHMENT—*Rights of the Garnishee Under the Statute.*—By the statute every garnishee is allowed all demands of which he could have availed himself if he had not been summoned as garnishee, and the court is vested with certain equitable powers in cases of garnishment and may make all orders which may be necessary or equitable between the parties.

5.  SAME—*In Courts of Law.*—Courts of law will, in garnishee proceedings, take notice of and protect the interests of equitable owners of choses in action.

6.  SAME—*Questions of Fact for the Determination of the Jury.*— Whether an assignment was executed and delivered at the time of the service of the garnishee summons upon the judgment debtor is a question of fact for the determination of the jury and the burden of proof is upon the garnishor.

**Garnishee Proceedings.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1901.  Affirmed.  Opinion filed March 18, 1902.

**Statement.**—This is an appeal from a judgment rendered in favor of appellees in a garnishment proceeding brought in the name of John and William Oliver as garnishors against the appellees respectively, as garnishees. Said John and William Oliver in July, 1895, recovered in the Circuit Court of Cook County a judgment against Samuel Williams, the nominal appellant herein, for $1,814.88, upon which execution was issued and returned no part satisfied.  In October following, the said Samuel Williams himself obtained a judgment in a personal injury

suit against the West Chicago Street Railroad Company, an appellee herein, for $3,000 and costs of suit. Thereupon this garnishment proceeding was begun for the use of the said John and William Oliver to obtain satisfaction of their judgment against said Samuel Williams out of the amount due upon the judgment obtained by him against the West Chicago Street Railroad Company.

It appears that said Samuel Williams received the injuries for which he recovered judgment against the street railroad company the latter part of March, 1896, and that early in April following he employed the law firm of Wing, Chadbourne & Leach to prosecute his claim for damages against said company. An agreement in writing was executed between said Williams and his said attorneys, wherein it was agreed that said attorneys should have and retain for their services one-half of all the money recovered in said action, "and for the purpose of effectually carrying out this contract, the said party of the first part hereby makes over and fully transfers to party of the second part the said cause of action and claim." The case was tried and a verdict returned in favor of said Williams October 16, 1897. A motion for a new trial was overruled and judgment was entered a few minutes after ten o'clock A. M. of October 26, 1897. About nine o'clock that morning and previous to the entry of the judgment, said Samuel Williams executed an assignment to Russell M. Wing, one of his said attorneys, reciting the recovery of the judgment and that in consideration of $3,000 to him paid, he has assigned said judgment to said Wing and all sums of money that may be had or obtained by means thereof, giving to said Wing power of attorney to recover "the money due or to become due" thereon at his own cost and charges. This assignment, which by its terms conveyed the whole of the judgment, was executed according to the testimony of the assignor, Samuel Williams, and the assignee, Wing, pursuant to an agreement between them, first, to secure payment of the fees of Wing, Chadbourne & Leach and such further costs as might be incurred in the suit against the railroad com-

pany in case of an appeal from said judgment, and second, that the remainder collected on the judgment should be held in trust by the assignee, Wing, for George S. Williams, son of the plaintiff, in payment of an alleged indebtedness from the assignor, Samuel Williams, to his said son.

This assignment was carried to the court house, and immediately after the entry of the judgment thereby assigned, was taken to the office of the clerk of the court and filed for record. In the meantime, as said George S. Williams, son of Samuel Williams, testifies, he had been informed over the telephone by one of his father's said attorneys that the father had made the assignment of the judgment to said Wing, and that half thereof was to go to said attorneys and the other half was for him, the said George S. Williams. A little later he called up the office of his father's attorneys and asked a clerk, who responded over the 'phone, to tell one of said law firms to make out an assignment from his father to him, George S. Williams. This was done, and such assignment was duly executed and delivered to said attorney for the son, George S. Williams, some time in the forenoon of that day, the consideration being, it is said, the sum of about eighteen hundred dollars, which the son testifies was due and owing to him from his father, said Samuel Williams. Said assignment states that it is subject and secondary to the assignment made the same day to said R. M. Wing. George S. Williams testifies that he was notified of its execution twenty minutes after ten o'clock of that day, October 26, 1897.

Two days later, October 28th, a notice in writing of the assignment by Samuel Williams to Wing was served on the West Chicago Street Railroad Company, in which it is stated that the assignment was taken to secure a half interest in the judgment against said railroad company for legal services in obtaining said judgment and expenses of any further litigation, and that the balance was held in trust for George S. Williams "in pursuance of an assignment of an undivided half interest in said judgment made on Octo-

ber 26, 1897, by said Samuel Williams to said George S. Williams."

Immediately after the judgment in favor of Samuel Williams against the railroad company was rendered, the garnishors herein, John and William G. Oliver, took out a garnishee summons and served the writ on the street railroad company at twenty-seven minutes after ten o'clock A. M. of October 26, 1897, that is, in about twenty minutes after the judgment had been obtained against said company in the Superior Court of Cook County. Garnishee summons were subsequently issued to the other appellees.

The issues raised in the garnishment proceedings were submitted to the Circuit Court without a jury and were found in favor of the garnishees, the West Chicago Street Railroad Company, Russell M. Wing and George S. Williams, and judgment for costs was entered against the beneficial plaintiffs, John and William G. Oliver. From that judgment this appeal is prosecuted.

E. A. ABORN, attorney for appellants; H. T. HELM, of counsel.

WING & CHADBOURNE, attorneys for appellees.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is first contended by the attorney for appellants that the assignment of the judgment against the street railroad company from Samuel Williams to R. M. Wing is absolutely void; upon the alleged ground that having been executed and delivered before the judgment was actually entered, there was nothing to which it could then attach; that it assigned a judgment which had no existence. But as between the parties, the assignment of the judgment must be regarded as a valid agreement. It was not an assignment of a mere claim against the railroad company, but of a judgment; in effect an agreement that the judgment when entered should be transferred to the assignee upon the terms and conditions in the instrument specified. If no

such judgment had ever been rendered, then the contract of assignment would not have become operative. It was in effect a present executory contract which would and did become operative when the subject-matter of the agreement came into being. (2 Story's Equity Jur., Sec. 1040.) There is a distinction between an assignment purporting to convey a mere claim, or an interest in a verdict, and a transfer of the judgment itself, and the mere fact that the assignment was prepared and executed in anticipation of the judgment can not affect its validity. It conveyed, not a mere right to litigate, but the result of litigation. In Schubert v. Herzberg, 65 Missouri App. 578, 584, a case of garnishment, where there was a conflict between an assignee under an assignment of a judgment executed before the judgment was entered and a garnishor of the judgment debtor, it is said that in so far "as the assignment pretended to transfer the cause of action, it was clearly of no validity. We know of no rule, however, that would render the assignment non-effective as to the judgment thereafter entered." Courts of equity support assignments, not only of choses in action, but "also of things which have no present, actual or potential existence, but rest in possibility only. In respect to the latter, it is true that the assignment can have no positive operation to transfer *in presenti*, property in things not *in esse;* but it operates by way of present contract, to take effect and attach to the things assigned when and as soon as they come *in esse;* and it may be enforced as such contract *in rem* in equity." (Crum v. Sawyer, 132 Ill. 443–460, quoting from Mitchell v. Winslow, 2 Story, 630–639.) In the last mentioned case the court further says (p. 644): "It seems to me as a clear result of all the authorities that wherever the parties, by their contract, intended to create a positive lien or charge, either upon real or personal property, whether then owned by the assignor or contractor or not, or if personal property, whether it is then *in esse* or not, it attaches in equity as a lien or charge upon the particular property as soon as the assignor or contractor acquires title thereto, against the latter and all persons

asserting a claim thereto under him, either voluntarily, or with notice, or in bankruptcy." By the statute every garnishee is allowed all demands "of which he could have availed himself if he had not been summoned as garnishee (R. S., Chap. 62, Sec. 13), and the court is vested with certain equitable powers in cases of garnishment and empowered to make all orders "which may be necessary or equitable between the parties." (Idem., Sec. 24.) "In garnishee proceedings courts of law will notice and protect the interests of equitable owners of choses in action." Horn v. Booth, 22 Ill. App. 385–388; Sheldon v. Hinton, 6 Ill. App. 216–221.

But there is another view of the transaction which is, we think, fatal to appellants' contention in this case. It is apparent from the evidence that the assignment was not intended to be regarded as delivered or to go into effect until the judgment should be entered. It was made just prior to the disposition of a pending motion for a new trial in the suit of the assignor against the street railroad company, which the assignor and assignee both knew would be overruled, because the court had stated this would be done in case the assignor consented to a remittitur from the amount of the verdict returned by the jury in his favor. The assignor had concluded to make such remittitur, and had so instructed his attorneys. Both parties knew, therefore, that the motion for a new trial would in all probability be at once overruled and judgment entered accordingly in favor of the assignor. It was therefore in contemplation of the immediate entry of the judgment, and that the assignment thereof might be ready to be recorded in the office of the clerk of court contemporaneously with the judgment; that the document was prepared and executed, to take effect when the judgment should be entered. Such being the manifest intention of the parties, the fact that it was actually executed a half hour before the judgment is not material. The assignment and the judgment were practically contemporaneous and went into effect together, when the judgment was entered and the assignment filed

for record. As is said in Parsons on Contracts, 184, "As to what constitutes delivery, regard must be had to all the facts bearing upon the question, and especially to the character of the transaction and the interest of the parties, in order to ascertain if the delivery be such as the nature of the case admits." The facts in the present case indicate an intention to have the assignment take effect only upon entry of the judgment. The assignment of the judgment to R. M. Wing must, we think, be regarded as valid beyond question as to his own or his firm's interest therein.

It is urged, however, that said assignment is not valid against beneficial creditors of Samuel Williams, so far as it seeks to convey the balance for the benefit of the son George S. Williams, and that the subsequent separate assignment to George S. Williams is invalid. The delivery of the separate assignment to Leach, by whom it was drawn, at the request of said George S. Williams, was a delivery to the latter, it appearing that Leach acted as agent and attorney in so receiving it. Nor can it be attacked as fraudulent in that it created a secret trust unless such trust was for the benefit of the assignor; and whatever suspicions may exist as to the latter's interest, the undisputed evidence is that it was not for his benefit, but for the payment to the son of an actual existing indebtedness greater than the balance of the judgment so assigned. Whether the assignment had been executed and delivered at the time of the service of the garnishee summons upon the railroad company as judgment debtor is a question of fact upon which the evidence, if not conflicting, is not absolutely convincing. The burden of proof was on the garnishors. (Horn v. Booth, 22 Ill. App. 385–390; Sheldon v. Hinton, 6 Ill. App. 216–222.) The trial court seems to have found the issue in favor of appellees. There was at the most but a difference of seven minutes between the assignment and the service of garnishee's summons. The court which saw and heard the witnesses was in a better position to judge as to the value of the evidence than we can be from the record only.

It is urged, however, that the separate assignment to

George S. Williams had been held invalid by this court in Williams v. West Chicago St. R. R. Co., 85 Ill. App. 305. This is a misapprehension. In that case George S. Williams did not appear and there was no evidence introduced in that case that he knew of the execution or delivery to Leach of the assignment in his favor. It is there said: " Under the facts as they appear in this record, said assignment to him is not valid and enforceable as against third parties. To make it valid it must have been delivered to him or to some one authorized by him to accept it. There was no such delivery." In the present case the delivery is proven.

It is urged that the court erred in refusing to hold certain propositions of law. But those propositions were either not applicable to the facts or were unsound in themselves, and we find no error in the court's action in that respect.

Nor do we find any harmful error in the admission of evidence. It appears that Samuel Williams, in conversation with Mr. Wing at the time of the preparation of the assignment to the latter, directed it to be made so as to cover the whole judgment, and the assignee agreed with him to hold half of it for the firm in payment for legal services as previously agreed, and the balance for George S. Williams in payment of the assignor's debt to him. We find no error in the admission of this evidence. It explains at least the reason for the assignment to Wing of the entire judgment. There was then no garnishment pending, and the transaction was, so far as appears, entirely proper and in good faith, and the evidence was competent.

The appellants herein, claiming a beneficial interest in the judgment by virtue of the service of the garnishee summons, stand only in the shoes of Samuel Williams, their judgment debtor. If he parted with all interest in the judgment in his favor before the service of the garnishee summons so that he could not claim the money against Wing and his son George S. Williams, then neither can the garnishors so claim it. It is not disputed that the assignment to Wing was filed for record and attached to the

entry of the judgment before the service and probably before the issue of the garnishee summons. This was notice to all parties, and in view of the evidence we are not disposed to attach final importance to the exact time of the execution and delivery of the second assignment to George S. Williams. This last was in pursuance of the agreement made prior to and in part evidenced by the original assignment to Wing. It was made when the parties had no knowledge of the garnishment proceedings. It constitutes documentary evidence of the trust created by the first assignment transferring the whole judgment to Wing; and we are of opinion that whether made a few moments before or after the service of the garnishee summons is not of controlling importance, because Samuel Williams had previously parted with all his interest in the judgment, had precluded himself from claiming any interest therein, and his judgment creditors standing in his shoes were in no better position. Sheldon v. Hinton, *supra* (p. 224).

The judgment of the Circuit Court must be affirmed.